Richard T. Hardy, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued February 3, 1984, before Judges MAC-PHAIL, DOYLE and BLATT, sitting as a panel of three.

*Edward M. Pulaski,* for petitioner.

*Mary Frances Grabowski,* Assistant Counsel, with her, *Jason W. Manne,* Assistant Counsel, for respondent.

*Craig J. Staudenmaier,* with him *Wilhelm E. Shissler, Nauman, Smith, Shissler & Hall,* for Amicus Curiae, Pennsylvania Chiropractic Society.

Opinion by Judge Doyle, April 10, 1984:

Richard T. Hardy (Petitioner) seeks review of a decision by the Department of Public Welfare (DPW) which determined that he was not eligible for continued assistance as a "chronically needy" recipient under Section 432(3)(i)(C) of the Public Welfare Code, (Act) Act of June 13, 1967, P.L. 31, *as amended*, 62 P.S. §432(3)(i)(C).

On December 28, 1982 the Carbon County Assistance Office classified Petitioner as "transitionally needy" under Section 432(3)(iii) of the Act.[1] Petitioner appealed to DPW's Hearing Examiner, submitting a chiropractor's statement in support of his claim that a disabling back injury had rendered him chronically needy. The Hearing Examiner denied the appeal, finding that Petitioner had failed to meet his burden of proof. The Office of Hearings and Appeals affirmed the decision of the Hearing Examiner, clarifying that the Petitioner would be permitted to reapply by submitting a physician's statement to document his disability. The Executive Deputy Secretary granted a request for reconsideration, and on May 3, 1983, affirmed the order of the Office of Hearings and Appeals.

Before this Court[2] Petitioner argues that the Hearing Examiner erred as a matter of law in determining that a chiropractor's statement is insufficient docu-

[1] 62 P.S. §432(3)(iii). Unlike "chronically needy" persons, those classified as "transitionally needy" may not receive in excess of ninety days assistance within any twelve-month period.

[2] Our scope of review from a final order of the Department of Public Welfare is limited to whether an error of law was committed, constitutional rights were violated or findings of fact were unsupported by substantial evidence. *Klingerman Nursing Center, Inc. v. Department of Public Welfare*, 73 Pa. Commonwealth Ct. 470, 458 A.2d 653 (1983).

mentation of a disability for purposes of establishing "chronically needy" status. DPW contends that its determination was in accordance with its regulations, which require that documentation of such disability be provided by a physician or licensed psychologist. 55 Pa. Code §141.61(d)(1)(iii)(B). Authority for this requirement is provided in Section 432(3)(i)(C) of the Act which states, in pertinent part:

(i) Chronically needy persons are those persons chronically in need who may be eligible for an indeterminate period as a result of medical, social or related circumstances and shall be limited to:

. . . .

(C) A person who has a serious physical or mental handicap which prevents him or her from working in any substantial gainful activity as determined in accordance with standards established by the department. The department may require that documentation of disability be submitted from a physician or psychologist.

Petitioner argues that the term "physician" should be interpreted to include chiropractors in cases such as this, where the disability's diagnosis is within the limited expertise of the chiropractic profession.[3] Section 1991 of the Statutory Construction Act of 1972[4] defines "physician" as "an individual licensed under the laws of this Commonwealth to engage in the practice of medicine and surgery in all of its branches

---

[3] In this case the chiropractor's statement provided a diagnosis of a spinal condition, an area within the chiropractor's expertise under Section 1 (b) of the Chiropractic Registration Act of 1951, Act of August 10, 1951, P.L. 1182, as amended, 63 P.S. 602(b).

[4] 1 Pa. C. S. §1991.

. . . , or in the practice of osteopathy or osteopathic surgery. . . ."[5] Section 2(b) of the Chiropractic Registration Act of 1951[6], on the other hand, specifies that chiropractic treatment shall not include the use of either drugs or surgery. Therefore, a practitioner of chiropractic is not included within the statutory definition of physician, and cannot be considered as such for purposes of the Act.[7]

Petitioner argues that, as applied to Section 432 of the Act, the effect of this construction is to deny chiropractors the exercise of their legitimate diagnostic authority, and to create an inconsistency with those DPW regulations which recognize chiropractic service as a compensable treatment.[8] Whether or not the effect of this construction is desirable, however, is not a matter before this Court. We are confronted with statutory language which clearly defines those persons who may provide documentation under Section 432. This Court may not inquire into the wisdom of the Act, nor may we disregard its clear and unambiguous language under the pretext of pursuing its spirit. Section 1921(b) of the Statutory Construction Act of 1972,[9] Black v. Billy Penn Corp., 72 Pa. Commonwealth Ct. 628, 457 A.2d 192 (1983). The legislature certainly could have included chiropractors

---

[5] With respect to the practice of medicine and surgery, the definition cites to the Act of June 3, 1911, P.L. 639, repealed by Section 18 of the Act of July 20, 1974, P.L. 551, 63 P.S. §421.18. This former Act has been replaced by the Medical Practice Act of 1974, Act of July 20, 1974, P.L. 551, 63 P.S. §§421.1-421.18.

[6] 63 P.C. 602(b).

[7] See Department of Transportation Hearing Board v. Pennsylvania Chiropractic Society, 22 Pa. Commonwealth Ct. 483, 349 A.2d 509 (1976) (Chiropractor not given the general diagnostic authority of a physician).

[8] 55 Pa. Code §1101.31(b)(18).

[9] 1 Pa. C. S. §1921(b).

432

among persons authorized to provide documentation under Section 432 if it had so desired.

We conclude, therefore, that the Hearing Examiner was correct in determining that the chiropractor's statement did not satisfy the documentation requirement under the Act and DPW's regulations. Accordingly, we affirm the decision of the Department's Executive Deputy Secretary.

ORDER

Now, April 10, 1984, the order of the Executive Deputy Secretary of the Department of Public Welfare in the above referenced matter, No. 24309 D, dated May 3, 1983, is hereby affirmed.