## Allstate Insurance Company v. Painter

*David J. Obermeier,* for petitioner.
*James D. Belliveau,* for respondent.

WETTICK, *A.J.,* March 11, 1986—Kevin E. Painter has filed claims with his insurance carrier for payment of fees for treatment provided by a chiropractor. Mr. Painter contends that these claims cover treatment for an injury that arose out of an automobile accident.

Allstate Insurance Company (which insured Mr. Painter) has filed a petition to compel a physical examination under the Motor Vehicle Financial Responsibility Law (75 Pa.C.S. §1701 et seq.). Section 1796(a) of that act permits a court to order a person to submit to a physical examination by a physician for good cause shown.

A petition for a physical examination may be filed even though no legal proceedings have been instituted. It is the submission of a claim and not the institution of legal proceedings which triggers an insurance company's right to petition the court for an order requiring the insured to submit to a physical

examination. *State Farm Mutual Automobile Insurance Company v. Morris,* 289 Pa. Super. 137, 432 A.2d 1089 (1981).

In the case of *Nationwide Mutual Insurance Company v. Fandray,* 12 D.&C.3d 65, (1979), this member of the court concluded that the purpose of the "good cause shown" requirement (which was also contained in the Pennsylvania No-fault Motor Vehicle Act, 40 P.S. § 1009.401) is to protect persons against an unreasonable invasion of privacy, unnecessary inconvenience, and examinations sought in bad faith. Thus, this court held that the "good cause shown" requirement requires the insurance company to show that the information supplied by the insured in support of his or her claim does not eliminate reasonable doubt as to the validity of the claim, that the proposed medical examination may assist the insurance company in evaluating the claim, and that the amount of the claim justifies a court order compelling the claimant to submit to a physical examination. To satisfy this "good cause shown" requirement, this court generally requires the insurance company to show that it has given the insured the opportunity to provide more complete and updated information from the insured's treating physician and that either additional information was not provided or that the additional information which was provided did not eliminate reasonable doubt as to the validity of the claim. Also, unless it is clear that the medical statements of the treating physician are insufficient to support the claim for payment of medical and other rehabilitative treatment which the claimant received, the insurance company shall submit an affidavit from the physician whom the insurance company wishes to perform the examination stating that he or she has reviewed the information submitted in support of the claim

and explaining why this information is insufficient and why the examination is necessary.

Allstate's petition contains the following factual allegations which are apparently not disputed. On February 21, 1985, Mr. Painter was involved in an automobile accident in which he allegedly sustained a whiplash injury, a laceration of the head, a bruise on the left shoulder, periodic lower back pain and pains in the neck, left shoulder, left shoulder blade and left side of his spine. He received emergency room treatment at Forbes Health System. He had two followup visits with Dr. B. L. Peirsol on March 1 and 13, 1985. According to Dr. Peirsol's medical report, his condition was much improved.

On March 20, 1985, Mr. Painter consulted Dr. Arnold Broudy, a medical doctor. A report by Dr. Broudy attached to Allstate's petition states:

"I asked the patient to return to the office in one month for a final check. He seemed to be improving rapidly and it did not appear that any treatment was needed. At this point in time no additional treatment is anticipated. If he makes a full recovery from his initial cervical sprain, there is no reason to think that he should have any significant residuals in the future."

In July 1985, Mr. Painter began treatment with Dr. C. D. Miller, a chiropractor. According to the report that Dr. Miller submitted to Allstate, Mr. Painter has an "acute traumatic induced cervical sprain/strain, complicated by loss of the cervical lordosis." Allstate has attached to its petition an affidavit from Dr. Paul L. Richter (the physician whom it wishes to examine Mr. Painter) in which he states that he has reviewed the information which Mr. Painter has supplied to Allstate and that it is necessary to evaluate whether Mr. Painter's present medical complaints and/or his present chiropractic

and/or other medical treatment for soft tissue injuries are related to the February 21, 1985 automobile accident.

Mr. Painter contends that Allstate's petition to compel a physical examination should be denied because Dr. Miller was never given the opportunity to submit a report to Allstate which would link the treatment that he is providing to the February 21, 1985, automobile accident. If Dr. Miller were a physician, we would very likely agree with Mr. Painter. However, Dr. Miller is a chiropractor and his services are not being provided pursuant to the treatment recommendations of any physicians who treated Mr. Painter. Where the chiropractic treatment is not supported by reports of Dr. Painter's treating physicians that such treatment is related to the accident, we will not require Allstate to rely on the reports of a chiropractor. Thus, we will permit Allstate to schedule a physical examination of its insured by a physician for the purpose of evaluating whether the chiropractic treatment is for injuries arising out of the accident and if so, whether the extent of and type of treatment for which the claims are made is necessary.

Both appellate court case law and the Motor Vehicle Financial Responsibility Law support this court's decision to permit an insurance carrier to utilize reports from a physician for purposes of determining whether treatment is related to an automobile accident. The Pennsylvania Commonwealth Court in *Commonwealth, Department of State v. Schatzberg,* 29 Pa. Commw. 426, 371 A.2d 544 (1977), and the Pennsylvania Superior Court in *Allstate Insurance Company v. Williams,* 347 Pa. Super. 468, 500 A.2d 1151 (1985), recognized that there are both qualitative and quantitative differences between the training and licensing re-

quirements of chiropractors and physicians. In *Schatzberg,* this difference served as the basis for the Commonwealth Court's upholding regulations forbidding licensed chiropractors from performing acupuncture even though physicians may offer such treatment.

Section 1796(a) of the Motor Vehicle Financial Responsibility Law permits a court to compel the insured to submit to a physical examination "by a physician." The term "physician" does not include chiropractor. See 1 Pa.C.S. §1991 (definition of "physician"); *Hardy v. Commonwealth, Department of Public Welfare,* 81 Pa. Commw. 428, 473 A.2d 1138 (1984) (chiropractor's report did not satisfy the requirements of legislation and DPW regulations which provided for documentation of a disability from a "physician or psychologist"; *Department of Transportation Hearing Board v. Pennsylvania Chiropractic Society,* 22 Pa. Commw. 483, 349 A.2d 509 (1976) (chiropractor is not given the general diagnostic authority of a physician and, therefore, is unable to examine applicants for a motor vehicle operator's license). Also see *Stokes v. Mattie,* 16 D.&C.3d 565, (1980), in which this court denied a request to compel the plaintiff to submit to a mental examination conducted by a psychologist because Pa.R.C.P. 4010 allows a court only to order a party to submit to an examination by a physician. Thus, by allowing an insurance company to obtain a court order for examinations performed only by a "physician," the legislature has indicated that where the mental or physical condition of a person is material to a claim for medical, income loss, or catastrophic-loss benefits, an insurance company may seek the professional judgment of a physician.

In summary, in the present case we grant Allstate's petition because the reports of Painter's

treating physician indicates that no additional treatment is anticipated, the the treatment for which the claims were made is not supported by reports of any physicians, and Allstate's petition is accompanied by a statement from the physician whom Allstate wishes to conduct the examination setting forth his reasons for believing that the examination is necessary.

For these reasons, we enter the following

## ORDER

On this March 11, 1986, it is hereby ordered that the petition of Allstate Insurance Company to compel physical examination of Kevin E. Painter under the Motor Vehicle Financial Responsibility Law is granted and that Kevin E. Painter is required to attend a medical examination performed by Dr. Paul Richter at a time in the near future that is convenient to the parties.