## Harding v. Sears, Roebuck & Company

*Mark E. Mascara,* for plaintiffs.
*W. Richard Booth,* for defendant, Sears, Roebuck & Co.
*Douglas R. Nolin,* for defendant Franklin Mall.

TERPUTAC, *J.,* August 17, 1987 — Before the court is a motion to compel physical examination. The issue is whether plaintiff has the right to insist that her chiropractor, who is her only medical expert, be permitted to attend plaintiff's physical examination to be conducted by defendant's physician. For the reasons set forth in this opinion, we hold that she has the right to have her chiropractor present during the examination.

Plaintiffs, Imelda Harding and Harry Harding, her husband, in their civil action against defendants, Sears, Roebuck and Co:, and Franklin Mall, alleged that wife-plaintiff sustained personal injuries when she fell in a store of Sears, Roebuck and Co., located at the Franklin Mall. Sears had scheduled a medical examination of the wife-plaintiff by Dr. Norman Minde, a physician licensed to practice medicine. Mrs. Harding has not objected to the examination by the defendant's physician, but she avers she should be allowed to have her own attending medical expert, Dr. Frederick F. Keefer, attend the examination. Dr. Keefer is a licensed chiropractor.

Acknowledging that plaintiff under Pa. R.C.P. 4010 may take her own physician with her for the examination, Sears contends that Rule 4010 does not contemplate or include the attendance of a chiropractor. The portion of the rule which is pertinent to this discussion provides as follows:

"(a) When the mental or physical condition (including blood group) of a party, or of a person in the custody or under the legal control of a party, is in

controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a physician or to produce for examination the person in his custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions and scope of the examination and the person or persons by whom it is to be made."

Because plaintiff is claiming damages for personal injuries, the extent of her injuries and her physical condition is in question. Ordinarily, the defendant has the right to require the plaintiff to be subject to a physical examination by a physician of its own choosing. *Goodrich-Amram* §4010 (a):8; *Jones v. Buchakijian*, 2 D. & C. 3d 451 (1977). But the narrow question presented in this instance is whether plaintiff may insist that she be accompanied by her chiropractor, who is her only treating medical expert.

Counsel for defendant points out that the Medical Practice Act of 1985, 63 P.S. §422.1, speaks only of physicians and medical doctors. And, it is said, the Peer Review Protection Act, 63 P.S. §425.1, lists physicians and chiropractors separately, so that there is a legislative intent that the physician and the chiropractor be treated as separate professional persons. Sears says that their licensing and training are different. Furthermore, Sears points out that chiropractors are only covered by the Chiropractic Practice Act, 63 P.S. §625.101. Because the Medical Practice Act defines physician, medical doctor, and osteopathic doctor, the legislative intent is to exclude chiropractors.

Defendant cites several appellate court cases to show the difference between the professions. In

*Howe v. Smith*, 203 Pa. Super. 212, 199 A.2d 521 (1964), the Superior Court upheld the dismissal of a complaint in equity to enjoin the Secretary of Revenue from refusing to accept certificates from chiropractors on the physical fitness of certain vehicle operators. And in *Hardy v. Commonwealth, Department of Public Welfare*, 81 Pa. Commw. 428, 473 A.2d 1138 (1984), the court held that a chiropractor is not included within the statutory definition of physician. However, Rule 4010 does not state that only physicians may attend an examination by defendant's physician. It does not specify who can attend. As its words indicate, Rule 4010 addresses who the "examiner" can be. Plaintiff in this case asks only that her chiropractor be permitted to attend the examination. There is no question of the scope of the testimony that the chiropractor may give at the trial; there is no question of his rendering a diagnostic opinion or conducting those medical practices, such as dispensing drugs in general or doing surgery, all of which are within the exclusive functions of the licensed physician. By allowing the chiropractor to attend, the court does not lessen the distinctions between physicians and chiropractors, nor do we flout the differences in their medical training.

The Pennsylvania Insurance Department has approved chiropractors as eligible health care providers, a view upheld by the Commonwealth Court in *Pennsylvania Blue Shield v. Commonwealth Insurance Department*, 103 Pa. Commw. 232, 520 A.2d 92 (1987). To preclude a chiropractor from attending plaintiff's examination merely on the distinctions between physicians and chiropractors would be dissembling. The attendance by the chiropractor does not give rise to any imprimatur which may ele-

vate the training of one over the other. They are different kinds of health care providers; a fact properly recognized by the legislature.

Finally, neither Rule 4010 nor any case law denies to plaintiff the right to take her chiropractor with her to observe the examination. In the absence of such a rule of exclusion or any good cause shown to preclude a chiropractor from attending, we hold that the court may in the exercise of its discretion permit the plaintiff to have her chiropractor attend the physical examination, especially where the chiropractor is the only medical expert that she has. We do not address the question that may be presented if the plaintiff has several medical experts, one or some of whom may be chiropractors.

## ORDER

And now, this August 17, 1987, the court hereby orders, adjudges, and decrees that plaintiff, Imelda Harding, submit herself for a medical examination by Dr. Norman Minde at his office at a time agreed upon, and she shall be permitted to have her chiropractor, Dr. Frederick F. Keefer, attend with her in order to observe the examination.