**LODGE NO. 5 OF the FRATERNAL ORDER OF POLICE and Richard Costello, Appellants,**

v.

**CITY OF PHILADELPHIA and Edward G. Rendell and Richard Neal and William Berman.**

Commonwealth Court of Pennsylvania.

Argued Feb. 5, 1996.

Decided June 10, 1996.

Thomas W. Jennings, for Appellants.

Richard Feder, Deputy City Solicitor, for Appellees.

Before COLINS, President Judge, FLAHERTY, J., and MIRARCHI, Jr., Senior Judge.

COLINS, President Judge.

Before the Court is the appeal of the Fraternal Order of Police [1] (FOP) from the order of the Court of Common Pleas of Philadelphia County (common pleas court) sustaining the City of Philadelphia's (City) [2] preliminary objections to the FOP's complaint, thereby dismissing the complaint. The FOP appeals to this Court arguing that the appointment of defendant William Bergman to the managing director's office and subsequent assignment to the police department as a deputy commissioner is a *de facto* violation of the Philadelphia Home Rule Charter.[3] We disagree and affirm common pleas court.

The stipulated facts establish William Bergman was appointed to the position of deputy managing director, a position exempt from civil service. Subsequently, Deputy Managing Director Bergman was assigned to the Philadelphia Police Department where he was empowered by the police commissioner to act as deputy police commissioner in charge of communications. The Office of the Police Commissioner has two positions exempt from civil service. Deputy Managing Director Bergman was not appointed to an exempt civil service position in the police department.

As a result of the above appointment, the FOP sought an injunction in common pleas court challenging Bergman's assignment of duties. The City answered with preliminary objections contending the FOP failed to state a cause of action upon which relief may be granted and lacked standing to bring the action. Common pleas court found that the

---

1. Appellant, Fraternal Order of Police Lodge No.5, is the collective bargaining agent representing the City of Philadelphia's police officers. Richard Costello is the President of the Fraternal Order of Police Lodge No. 5.

2. Appellees are the City of Philadelphia, Honorable Edward Rendell, Mayor, Police Commissioner Richard Neal, and Deputy City Managing Director William Bergman.

3. As applied to this case, the employees of the City of Philadelphia are governed by the Philadelphia Home Rule Charter set forth at 351 Pa.Code §§ 1–100. (hereinafter "Charter"). The Charter was adopted by the City's voters pursuant to Section 1 of the First Class City Home Rule Act, Act of April 21, 1949, P.L. 665, 53 P.S. § 13101.

language employed in the Charter evidences a clear intention on the part of the Charter's drafters to have such cooperation between the City departments and accordingly dismissed the case on the merits.[4] FOP appeals to this Court.

■ The matter is before us on preliminary objections, thus we are limited to determining whether on the facts alleged the law states with certainty that no recovery is possible. *Hawks by Hawks v. Livermore*, 157 Pa.Cmwlth. 243, 629 A.2d 270, 271 n. 3 (1993). We must accept as true all well pled allegations and material facts averred in the complaint as well as inferences reasonably deducible therefrom; any doubt should be resolved in favor of overruling the demurrer. *Id.* The law we must review is contained in the Charter. The Charter is legislation that must be interpreted in accordance with Section 1501 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1501. *Addison Case*, 385 Pa. 48, 52, 122 A.2d 272 (1956), *appeal dismissed*, 352 U.S. 956, 77 S.Ct. 353, 1 L.Ed.2d 316 (1957); *Gans v. City of Philadelphia*, 43 Pa.Cmwlth. 635, 403 A.2d 168, 170 (1979).

■ The only issue in this case involves the interpretation of Sections 7.301 and 8.401 of the Charter. Section 7.301 of the Charter provides:

**Exemptions.** All officers and employees of the City, including all officers and employees of all departments, all independent boards and commissions and all departmental boards and commissions, shall be under civil service except:

(a) All officers elected by the people and their deputies, and employees appointed by the members of the Council;

(b) The Managing Director, the Director of Finance and the Personnel Director and their deputies, the heads of departments and their deputies, and members of boards and commissions but the number of exempt deputies in any department other than the Law Department, shall not exceed two;

. . . .

351 Pa.Code § 7.7–301.

Section 8.401 of the Charter provides:

**Coordination of Work.** The several departments, boards and commissions shall devise a practical and working basis for cooperation and coordination of work, eliminating duplication and overlapping of functions, and shall so far as practicable cooperate with each other in the use of employees, land, buildings, quarters, facilities and equipment. The head of any department or any board or commission may empower or require an employee of another department, board or commission, subject to the consent of the head of such department or of such board or commission, to perform any duty which he or it might require of the employees of his or its department, board of or commission. Whenever in this charter power is vested in a department, board or commission to inspect, examine, or secure data or information or to procure assistance from any other department, board or commission, a duty is hereby imposed upon the department, board or commission upon which demand is made to render such power effective.

351 Pa.Code § 8.8–401.

The FOP contends the Charter allows for no more than two exempt civil service positions. The FOP then concludes that because the assignment of Deputy Managing Director Bergman to the police department resulted in more than two exempt civil service positions in that department, the assignment is in contravention of the Charter. We disagree.

■ To hold as the FOP suggests requires this Court to ignore as surplusage[5] Section

---

4. The City in its brief to this Court raises the issue of whether the FOP has standing to bring this action. The common pleas court did not address this issue below and instead sustained the demurrer on the grounds that the FOP failed to state a cause of action upon which relief may be granted. In light of our disposition of that issue, we do not need to address the issue of whether the FOP had standing to bring this cause of action.

5. A court must assume that the legislature intends every word of a statute to have effect. *Red Sky v. Pennsylvania State Police, Bureau of Liquor Control Enforcement*, 654 A.2d 143 (Pa.Cmwlth.

8.401 of the Charter which imposes a duty upon the individual departments to work efficiently and cooperate in a fashion that is economical and non-duplicative. The Charter's drafters determined that but for limited circumstances, all city personnel are to be governed by the civil service requirements. Among the special exceptions are two positions in each department.[6]

However, the Charter also foresees situations where the talents of employees in one department might be particularly useful to another department. The Charter then allows one department to utilize the talents of individuals from another department. This is accomplished by assignment of a deputy from one department to another. However, the assignment of a deputy to another department does not render that deputy an employee of the latter department. Thus, while the effect is more than two non-civil service deputies working in one department, the fact is that the assigned deputy is not a member of the department. Rather, the assigned deputy remains a member of the department to which he was originally appointed. Thus, this action does not render the statute conflicting and therefore invalid. To the contrary, we believe this inter-department loan of employees is a practical and working basis for cooperation and coordination between the departments as prescribed by Section 8.401 of the Charter.

The FOP argues that the language in Section 8.401 is in conflict with Section 7.301 and requires a statutory construction analysis that, according to the FOP, prohibits the inter-departmental loan of employees where such act results in more than two deputies exempt from civil service. We cannot agree.

■ It is the obligation of the court to read the statutory language as the drafters intend it to be read. There is no occasion to resort to rules of statutory interpretation where a statute is clear and unambiguous. *Czepukaitis v. Philadelphia & Reading Coal & Iron Co.*, 203 Pa. Superior Ct. 493, 201 A.2d 271 (1964). Furthermore, the Commonwealth Court may not inquire into the wis-

dom of a public [statute] nor may it disregard its clear and unambiguous language under pretext of pursuing its spirit. *Hardy v. Department of Public Welfare*, 81 Pa. Cmwlth. 428, 473 A.2d 1138 (1984).

Here, while there may be more than two non-civil service deputies working in the police department, it is undisputed that one of those deputies, Mr. Bergman, is not an employee of the police department. Instead, Mr. Bergman is employed by the managing director's office. Since there is no dispute that Mr. Bergman's appointment to the managing director's office does not violate the Charter, we conclude that his assignment to the police department was a permissible assignment pursuant to the Charter. In fact, the Charter imposes a duty upon the departments to function in just such a manner.

Accordingly, the order of the Court of Common Pleas of Philadelphia County sustaining the City of Philadelphia's preliminary objections is affirmed.

### ORDER

AND NOW, this 10th day of June, 1996, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is affirmed.

---

1995), *affirmed*, —— Pa. ——, 673 A.2d 323 (1996).

