Loretta Young, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board, St. Agnes Hospital and Pacific Employers Insurance Co., Respondents.

Argued September 28, 1978, before Judges CRUMLISH, JR., DISALLE and MACPHAIL, sitting as a panel of three.

*Allen L. Feingold,* for petitioner.

*Richard D. Harburg,* with him *Swartz, Campbell & Detweiler,* for respondents.

OPINION BY JUDGE MACPHAIL, December 15, 1978:

In this case the only issue raised and argued by Loretta Young (Claimant) is whether the referee erred by refusing to admit as evidence in Claimant's claim for compensation a certificate by a qualified physician.

Section 422[1] of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§834, 835, provides in pertinent part:

> Where any claim for compensation at issue before a referee involves *25 weeks or less* of disability . . . the employee . . . may submit a certificate by any qualified physician as to the history, examination, treatment, diagnosis and cause of the condition, and . . . such statement shall be admitted as evidence. . . (Emphasis added.)

We think that the principle of *expressio unius est exclusio alterius* applies to an interpretation of that statutory language. *See Fazio v. Pittsburgh Railways Co.,* 321 Pa. 7, 182 A. 696 (1936). By expressly providing that a physician's certificate is admissible in claims involving 25 weeks or less of disability, the Legislature intended to exclude such certificates in claims involving more than 25 weeks of disability. While it is true that Section 422 also provides that referees shall not be bound by the common law or statutory rules of evidence in conducting hearings, a

---

[1] Originally enacted as Section 428, renumbered Section 422 by the Act of June 26, 1919, P.L. 642.

statutory provision that specifically controls the admission of physician's certificates as evidence must prevail over a subsequent statutory provision concerning the liberal application of rules of evidence in general. 1 Pa. C.S. §§1933, 1934.

In the instant case, the Claimant attempted to introduce a medical report from Dr. H. N. Rasansky at the hearing before the referee. The Respondents' counsel objected to the report unless the Claimant was willing to stipulate that her claim was limited to a 25 week period.[2] Claimant, who was represented by counsel, refused to so stipulate. The referee thereupon ruled that the report was inadmissible. If that were the extent of the record, our conclusions in this matter might not be quite as firm. However, after making his rule, the referee then continued the hearing (notwithstanding the fact that numerous continuances had already been granted) to give the Claimant an opportunity to produce medical testimony. At the continued hearing the Claimant appeared but did not produce any medical witnesses. The referee then denied benefits and the Claimant appealed to the Board. The Board remanded to the referee to give the Claimant yet another opportunity to produce medical testimony. When another hearing was fixed, the Claimant again appeared without a medical witness. The referee dismissed the claim and the Board affirmed.

It is our conclusion that the referee's initial ruling was correct, i.e., that the physician's report could not be admitted over Respondents' objection where the claim was not limited to 25 weeks or less. We also conclude that there was no prejudice to the Claimant

---

[2] The Claimant's petition for compensation had set forth that she was partially disabled from January 8, 1974, until February 7, 1974, and permanently disabled from April 30, 1974, "to the date of the filing of the claim." (September 30, 1974).

in view of the opportunities afforded to her by the referee and the Board to properly substantiate her claim.

### ORDER

AND Now, this 15th day of December, 1978, the order of the Workmen's Compensation Appeal Board, entered September 1, 1977, is affirmed.