D. L. Clark Co., Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Arlene A. Feher, Respondents.

Argued December 3, 1979, before Judges CRUM-
LISH, JR., BLATT and CRAIG, sitting as a panel of three.

*Paul K. Geer,* with him *Robert C. Jones,* of *Jones,
Gregg, Creehan and Gerace,* for petitioner.

*Sam R. Keller,* for respondent.

OPINION BY JUDGE CRUMLISH, JR., March 3, 1980:

The Workmen's Compensation Appeal Board af-
firmed a referee's award of compensation benefits to
Arlene A. Feher. We affirm.

Feher, an employee of D.L. Clark Co., sustained an
alleged work-related back injury on December 7, 1973[1]
when she slipped on an oily steel flooring at her place
of employment twisting her body. She felt a "twinge"
of pain in her groin and immediately reported the in-
cident to her supervisor. She resumed her normal
work without further pain. Three days later she ex-
perienced a dull ache as she emerged from her auto-
mobile. Her family physician sent her to the hospital
where she was put in a back brace. In April of 1974
she underwent disc surgery and in December of 1974
she returned to her same job where she worked until
April, 1975, at which time she complained of the lift-

---

[1] The referee's finding of fact No. 1 indicates the accident actu-
ally occurred on December 11, 1973, according to Defendant's rec-
ords.

ing aspects of her job. She remained off work for approximately one year before returning part time to her former job.

Where the party with the burden of proof has prevailed before the factfinder, as Feher did here, our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed, or any necessary finding of fact was unsupported by competent evidence. *Empire Kosher Poultry, Inc. v. Workmen's Compensation Appeal Board,* 43 Pa. Commonwealth Ct. 394, 402 A.2d 561 (1979).

The referee's finding, which is supported by sufficient competent evidence, and is therefore binding on this Court is:

7. After a review of the testimony, file records, exhibits and medical evidence offered both by the claimant and Defendant, your Referee finds as a fact that the claimant suffered a ruptured disc as a result of the injuries when she slipped on December 11, 1973. That she was totally disabled during the periods shown by the Defendant's records.

The finding is supported by the only medical evidence proffered, that of claimant's medical witness who unequivocally testified that she was disabled as a result of the December, 1973 accident. The following excerpt from the doctor's testimony is illustrative:

Q And can you say the present disability and the disability she had from the time of the accident until the present time was due to the accident she had on December 7, 1973?

A I would have to say so, in the absence of any other information. Yes.

Employer's contention that the referee's findings are insufficient to allow proper appellate review is without merit. It is argued that specified references

to testimony of particular witnesses and details of medical examinations performed are necessary to determine whether there is substantial competent evidence to support the referee's conclusions. Our review of the record reveals that the referee has weighed the conflicting evidence and properly and adequately met the duty of his fact-finding function. Although not artfully drafted, the referee's findings and conclusions are, together with the record, sufficient for him and for us to support his decision.

Employer next seeks a remand contending that the referee erred in refusing to consider a medical history form which employer says should have been admitted under Section 422 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §835. Section 422 provides in pertinent part:

> Where any claim for compensation at issue before a referee involved *twenty-five weeks or less* of disability . . . the employee . . . may submit a certificate by any qualified physician as to the history, examination, treatment, diagnosis and cause of condition, and . . . such statement shall be admissible as evidence. . . . (Emphasis added.)

By expressly providing that a physician's certificate is admissible in claims involving 25 weeks or less of disability, the legislature intended to exclude such certificates in claims involving more than 25 weeks of disability. *Young v. Workmen's Compensation Appeal Board,* 39 Pa. Commonwealth Ct. 265, 395 A.2d 317 (1978). More importantly, the document in question contains no identifying marks as to the author or time of completion. Employer had several opportunities to present the deposition, actual testimony, or sworn statement of the author of the medical history form sought to be admitted and failed to do so.

It is our conclusion that the referee's initial ruling was correct, *i.e.*, that the physician's report could not be admitted over employee's objection where the claim was not limited to 25 weeks or less and where the claim was not properly documented.

Accordingly, we

### ORDER

AND Now, this 3rd day of March, 1980, the order of the Workmen's Compensation Appeal Board dated June 22, 1978, is affirmed. It is ordered that judgment be entered in favor of Arlene A. Feher and against D.L. Clark Company, a division of Beatrice Foods.

It is ordered that D.L. Clark Company shall pay compensation to the claimant, Arlene A. Feher, at the rate of $93.33 per week for the days missed as shown by company records as follows:

1. That the claimant is entitled to compensation from 12/12/73 to 12/4/74, a period of 51 weeks including the one week waiting period;

2. The claimant is entitled to the following additional days disability:

From 12/5/74 to 12/10/74   (5 days)
From 12/11/74 to 12/12/74   (1 day)
From 12/13/74 to 12/16/74   (3 days)
From 12/17/74 to 12/18/74   (1 day)
From 12/19/74 to 12/20/74   (1 day)

From 1/14/75 to 1/15/75   (1 day)
From 1/16/75 to 1/17/75   (1 day)
From 1/21/75 to 1/28/75   (7 days)
From 1/30/75 to 2/11/75   (12 days)
From 2/12/75 to 2/13/75   (1 day)
From 3/10/75 to 3/11/75   (1 day)
From 3/20/75 to 3/25/75   (5 days)
From 4/3/75 to 4/4/75   (1 day)
From 4/9/75 to 1/1/76   (207 days)

From 1/1/76 to 4/29/76   (119 days)
From 4/30/76 to 5/3/76   (3 days)
From 5/4/76 to 5/6/76   (2 days)
From 5/10/76 to 5/11/76   (1 day)
From 5/17/76 to 5/18/76   (1 day)
From 5/21/76 to 5/25/76   (4 days)
From 5/27/76 to 5/28/76   (1 day)
From 6/2/76 to 6/3/76   (1 day)
From 6/8/76 to 6/9/76   (1 day)
From 6/16/76 to 6/17/76   (1 day)
From 6/23/76 to 6/24/76   (1 day)
From 6/30/76 to 7/1/76   (1 day)
From 7/19/76 to 7/20/76   (1 day)
From 7/22/76 to 7/23/76   (1 day)
From 7/28/76 to 7/30/76   (2 days)
From 8/4/76 to 8/5/76   (1 day)
From 8/11/76 to 8/12/76   (1 day)
From 8/18/76 to 8/19/76   (1 day)
From 8/26/76 to 8/30/76   (4 days)
From 9/1/76 to 9/2/76   (1 day)
From 9/9/76 to 9/10/76   (1 day)
From 9/17/76 to 9/20/76   (3 days)
From 9/23/76 to 9/24/76   (1 day)
From 9/30/76 to 10/1/76   (1 day)
From 10/5/76 to 10/6/76   (1 day)
From 10/12/76 to 10/13/76   (1 day)
From 10/15/76 to 10/25/76   (10 days)
From 10/27/76 to 10/28/76   (1 day)
From 11/2/76 to 11/3/76   (1 day)
From 11/5/76 to 11/8/76   (3 days)
From 11/9/76 to 11/10/76   (1 day)
From 11/17/76 to 11/18/76   (1 day)
From 12/1/76 to 12/6/76   (5 days)
From 12/9/76 to 12/13/76   (4 days)
From 12/16/76 to 12/17/76   (1 day)

From 1/5/77 to 1/6/77    (1 day)
From 1/8/77 to 1/10/77    (2 days)
From 1/12/77 to 1/13/77    (1 day)
From 1/19/77 to 1/20/77    (1 day)
From 1/26/77 to 1/27/77    (1 day)
From 1/31/77 to 2/1/77    (1 day)
From 2/2/77 to 2/3/77    (1 day)
From 2/9/77 to 2/10/77    (1 day)
From 2/16/77 to 2/17/77    (1 day)
From 2/23/77 to 2/24/77    (1 day)
From 3/9/77 to 3/10/77    (1 day)
From 3/16/77 to 3/17/77    (1 day)
From 3/18/77 to 3/21/77    (3 days)
From 3/23/77 to 3/24/77    (1 day)
From 3/28/77 to 3/29/77    (1 day)
From 3/31/77 to 4/25/77    (25 days)
From 4/26/77 to 4/27/77    (1 day)
From 4/29/77 to 5/2/77    (3 days)
From 5/4/77 to 5/5/77    (1 day)
From 5/6/77 to 5/9/77    (3 days)

The claimant is entitled to compensation for any days which she misses for lost time in the future due to the injury which she sustained in accordance with the provisions of the Workmen's Compensation Act.

Interest at ten percent (10%) per annum is assessed on all deferred payments.

The Defendant is further directed to pay any and all medical bills outstanding and on account of the injury to Arlene Feher. The Defendant is required to pay to Samuel Sherman, M.D., the sum of $150.00 for testifying and the sum of $75.00 for his medical bill.

The Defendant is further directed to pay approved attorney's fees in the amount of twenty percent (20%) of the award to claimant's counsel, Samuel R. Keller, Esquire, from the benefits due Arlene A. Feher.

President Judge BOWMAN did not participate in the decision in this case.

Judge DiSalle did not participate in the decision in this case.