572 A.2d 1295

**WEIS MARKETS, INC., Petitioner,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (BARBUTO), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 29, 1989.

Decided Dec. 12, 1989.

Designated as opinion to be reported April 10, 1990.

Reargument Denied Feb. 15, 1990.

346

R. Burke McLemore, Jr., Thomas & Thomas, for petitioner.

Robert P. Wilkison, Carpenter, Diehl & Kivko, for respondent, Pamela A. Barbuto.

Before CRAIG and BARRY, JJ., and BLATT, Senior Judge.

CRAIG, Judge.

Weis Markets, Inc. appeals from an order of the Workmen's Compensation Appeal Board affirming a referee's award of chiropractic expenses to Pamela Barbuto for her injury, pursuant to Section 306(f) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 531.

The pivotal question is whether unsworn chiropractors' certificates are admissible as evidence to support a work-related justification for treatment expenses awarded in this case.

The record and the referee's findings establish the following facts.

On April 22, 1985, while working as a part-time cashier for Weis, Barbuto slipped and fell on a wet floor, striking and injuring her left thigh. After reporting the fall to her supervisor, Barbuto completed her shift. Barbuto continued to experience pain in her left leg after completion of her shift.

The following day, Barbuto saw Dr. Spigner, an associate of her family physician. Dr. Spigner treated Barbuto for a hematoma of the left leg and a sprained ankle. Dr. Spigner permitted Barbuto to return to work at Weis on April 27, 1985.

Barbuto continued to work for Weis until June 26, 1985. During the period from April 22, 1985 to June 26, 1985, Barbuto experienced pain in her left hip, left buttock, and lower left area of her back.

After completing her shift on June 26, 1985, Barbuto received permission from her supervisor to see a chiropractor regarding her continuing pain. That evening, Barbuto began treatment with Dr. Leister, a chiropractor.

Barbuto attempted to return to work for Weis in July of 1985, experienced pain after one day, and did not return.

Barbuto continued treatment with Dr. Leister through August of 1985. Dr. Leister referred Barbuto to Dr. Park for treatment at a local rehabilitation center.

Because of a lack of funds, Barbuto ceased treatment with Drs. Leister and Park and moved in with her parents in New Jersey. On December 11, 1985, Barbuto began a clerical job in New Jersey, receiving a higher pay rate than she had received with Weis. In May of 1986, Barbuto began receiving treatments in New Jersey from Dr. Callahan, a chiropractor.

Barbuto filed a claim for disability benefits on December 16, 1985. The referee held hearings on the matter and admitted into evidence unsworn certificates from Drs. Leister and Callahan.

The unsworn chiropractors' certificates outline, in narrative form, Barbuto's chief symptoms, diagnosis, and the nature and extent of the chiropractic treatment provided by each chiropractor for her work-related injury.

On August 6, 1987, the referee issued his findings of facts and conclusions, ordering Weis to pay Barbuto's chiropractic expenses with Drs. Leister, Park, and Callahan stemming from the injury, but refusing to grant disability benefits beyond the date of April 27, 1985.

Weis appealed the referee's decision to the board, which affirmed on April 21, 1989. This appeal followed.

On appeal, Weis contends that (1) the disability period exceeded the twenty-five week limit under section 422 of the Act, 77 P.S. § 835, (2) the unsworn chiropractors' certificates of Drs. Leister and Callahan were inadmissible under section 422, and (3) the referee's award of chiropractic expenses was unsupported by substantial evidence.

Where the board takes no additional evidence, our scope of review is limited to determining violations of constitutional rights, errors of law, or whether substantial evidence supports the referee's findings of fact. *Universal Trucking, Inc. v. Workmen's Compensation Appeal Board (Hassell)*, 112 Pa.Commonwealth Ct. 428, 535 A.2d 722 (1988).

## 1.

Weis first contends that, because the disability period before the referee exceeded twenty-five (25) weeks, the unsworn chiropractors' certificates were inadmissible under section 422 of the Act.

Section 422, in relevant part, states as follows:

Where any claim for compensation at issue before a referee involves *twenty-five weeks or less of disability*, either the employe or the employer may submit a certificate by any *qualified physician* as to the history, examination, treatment, diagnosis and cause of the condition, and sworn reports by other witnesses as to any other facts and such statements shall be admissible as evidence of medical and surgical or other matters herein stated and findings of fact may be based upon such certificates or such reports. (Emphasis supplied)

The purpose of section 422 is to promote efficiency in administering short-term benefit claims. In cases of twenty-five weeks or less, the use of unsworn physician's certificates under section 422 saves both the qualified physician's time and the claimant's expense on costly discovery measures.

The key term in section 422 is "disability." For the purpose of receiving workmen's compensation benefits, "disability" is synonymous with "loss of earning power." *Scobbie v. Workmen's Compensation Appeal Board (Greenville Steel Car Co.)*, 118 Pa.Commonwealth Ct. 424, 545 A.2d 465 (1988), *appeal denied*, 522 Pa. 607, 562 A.2d 829 (1989). Although a claimant may suffer continued work-related injury, if the injury does not trigger a loss of earning power, then disability benefits must be suspended. *Economy Decorators, Inc. v. Workmen's Compensation Appeal Board (Federici)*, 96 Pa.Commonwealth Ct. 208, 506 A.2d 1357 (1986).

In interpreting section 422, the maxim of statutory interpretation outlined in *Young v. Workmen's Compensation Appeal Board*, 39 Pa.Commonwealth Ct. 265, 395 A.2d 317

(1978) applies. In *Young*, the court stated that when a statute expressly provides for one thing, the legislature intends to exclude all others. *Young*, 39 Pa.Commonwealth Ct. at 266–67, 395 A.2d at 317–18.

■ Because section 422 expressly provides that unsworn certificates from qualified physicians are admissible in disability claims of twenty-five weeks or less, the legislature intended to exclude such certificates in claims involving more than twenty-five weeks of disability. *Vital Signs Institute, Inc. v. Workmen's Compensation Appeal Board (Burke and Humetrics Corp.)*, 114 Pa.Commonwealth Ct. 191, 538 A.2d 617 (1988).

In Finding of Fact No. 5, the referee stated that Barbuto sought disability benefits for the period of June 27, 1985 (following the last day of employment with Weis) to December 11, 1985 (first day of employment in a clerical position). This period equals twenty-four (24) weeks, and thus meets the time requirement of section 422.

2.

■ Weis further contends that a chiropractor is not a "qualified physician" as defined under the Act, citing *Workmen's Compensation Appeal Board v. Overmyer Mold Co.*, 473 Pa. 369, 374 A.2d 689 (1977) in support of its contention. We agree.

Under the Statutory Construction Act, 1 Pa C.S. § 1991, "physician" is defined as "an individual licensed under the laws of this Commonwealth to engage in the practice of medicine and surgery ... or in the practice of osteopathy or osteopathic surgery."

Likewise, section 1991 defines "healing art" as "[t]he science of diagnosis and treatment in any manner whatsoever of disease or any ailment of the human body." Thus, a chiropractor,[1] or a "practitioner of the healing arts" is one who engages in, applies, or makes use of, "... the science

1. We note that chiropractors are competent to testify as experts concerning matters within the scope of the profession and practice of chiropractic treatment. *McKinney Manufacturing Corp. v. Straub*, 9 Pa.Commonwealth Ct. 79, 305 A.2d 59 (1973).

of diagnosis and treatment ... of disease or any ailment of the human body." *Overmyer Mold Co.*, 473 Pa at 373, 374 A.2d at 690.

Furthermore, section 306(f)[2] of the Act, providing for payment of medical expenses by an employer for employee work-related injuries, separately classifies "physicians" and "practitioners of the healing arts."

Keeping in mind the Act's distinction between "physicians" and "practitioners of the healing arts,"[3] as well as the statutory interpretation maxim set forth in *Young,* we conclude that the legislature intended to exclude unsworn chiropractor's certificates in claims of twenty-five weeks or less. The legislature certainly could have included chiropractors, or "practitioners of the healing arts," among persons authorized to submit unsworn certificates under section 422 if it had so desired.

Therefore, the referee erred in admitting the unsworn certificates of Drs. Leister and Callahan into evidence.[4] Because of the referee's error, we need not address Weis' other contention.

Accordingly, we reverse the board's order.

## ORDER

NOW, December 12, 1989, the order of the Workmens' Compensation Appeal Board, No. A–94193, dated April 21, 1989, is reversed.

**2.** Chiropractic services are properly compensable under section 306(f) of the Act. *White v. Workmen's Compensation Appeal Board (Gateway Coal Co.),* 103 Pa.Commonwealth Ct. 397, 520 A.2d 555 (1987) [citing *Workmen's Compensation Appeal Board v. Overmyer Mold Co.,* 473 Pa. 369, 374 A.2d 689 (1977)].

**3.** *See Hardy v. Department of Public Welfare,* 81 Pa.Commonwealth Ct. 428, 473 A.2d 1138 (1984) [where the court concluded that a chiropractor was not a "physician" under DPW's requirement that documentation for disability be submitted by a physician or psychologist.]

**4.** Likewise, because the certificates of Drs. Leister and Callahan were not properly sworn, the certificates do not constitute "sworn reports by other witnesses as to any other facts ..." under section 422. *See D.L. Clark Co. v. Workmen's Compensation Appeal Board,* 49 Pa.Commonwealth Ct. 535, 411 A.2d 1269 (1980).