600 A.2d 670

**Eleanor SWOPE, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (HARRY PRODUCTS, INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 23, 1991.

Decided Dec. 4, 1991.

Mark R. Morrow, for petitioner.

Fred C. Trenor and David F. Ryan, for respondent.

Before CRAIG, President Judge, SMITH, J., and SILVESTRI, Senior Judge.

CRAIG, President Judge.

Eleanor Swope, the claimant, appeals from a decision of the Workmen's Compensation Appeal Board terminating her compensation benefits pursuant to the petition of her employer, Harry Products Inc., for termination under § 413 of The Pennsylvania Workmen's Compensation Act.[1]  We affirm.

The issue in this case is whether the employer met its burden in proving that it offered the claimant "suitable work" when the employer offered to the claimant a position which she is physically able to perform but not at the same hourly schedule the claimant worked before the work-related injury.

The facts in this case, as found by the referee, are as follows.  On November 24, 1987, the claimant suffered an

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 772.

injury during the course of her employment. On October 9, 1989, the employer filed a petition for termination or modification of claimant's compensation payments. In its petition, employer alleged that the claimant refused to accept work which she is able to perform. The claimant filed an answer to employer's petition in which she admitted that she refused employer's offer of employment but argued that she is unable to perform the work because she is unable to comply with the hours offered.

At the time of her injury, claimant's job duties included cleaning merchandise. Employer permitted her to schedule her own work shifts so that she could care for her two sons. Almost two years after her work-related injury, employer offered to the claimant a job as a salesperson. The duties included showing bathroom fixtures to customers and precluded stocking or lifting. However, the employer forbade the claimant from setting her own hours. The work hours for the salesperson job are from noon to 7:00 p.m., four days a week including Saturday.

Based upon the following significant findings of fact, the referee granted the employer's petition for termination.

8. The duties of the offered job as a salesperson were approved by Mary T. Norek, M.D. as within the limitations imposed upon the claimant by her injury. Dr. Norek examined the claimant to evaluate her injury twice. The second examination was performed on August 30, 1989. She approved this job after each examination. Dr. Norek did not report that the claimant had fully recovered from her injury.

9. The claimant agreed that she is able to perform the duties of the offered sales job. She performed this job briefly during July, 1989. She refused to continue working because she was not permitted to set her own work hours and would therefore have to pay a baby sitter until her husband came home from his work at 6:00 p.m. The claimant offered to return to work for the defendant, within her physical limitations, if she was able to set her own work hours.

Claimant then appealed the referee's decision to the board. The board affirmed the referee's decision stating that the employer met its burden despite the fact that the employer refused to allow the claimant to set her own time edule. Claimant now appeals to this court,[2] seeking to overturn the decision of the board.

In *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 516 Pa. 240, 532 A.2d 374 (1987), the Supreme Court stated guidelines for the return to work of an injured employee, as follows:

1. The employer who seeks to modify a claimant's benefits on the basis that he has recovered some or all of his ability must first produce medical evidence of a change in condition.

2. The employer must then produce evidence of a referral (or referrals) to a then open job (or jobs), which fits in the occupational category for which the claimant has been given medical clearance, e.g., light work, sedentary work, etc.

3. The claimant must then demonstrate that he has in good faith followed through on the job referral(s).

4. If the referral fails to result in a job then claimant's benefits should continue.

*Kachinski*, 516 Pa. at 252, 532 A.2d at 380.

The claimant argues that the employer failed to sustain its burden of proof regarding the availability of work offered to the claimant because the employer did not offer claimant a position where she could set her own hours. Claimant concludes that the employer's offer was not made in good faith and was unreasonable given the pre-existing arrangement.

Claimant cites *Moore v. Workmen's Compensation Appeal Board (International Service System)*, 137 Pa.Com-

---

**2.** Our scope of review of a decision of the board is limited to determining whether the board erred as a matter of law, whether necessary findings of fact are supported by substantial evidence and whether constitutional rights were violated. *Estate of McGovern v. State Employees' Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986).

monwealth Ct. 582, 586 A.2d 1047 (1991), for the proposition that an employer must use "common sense" when offering employment to a physically impaired claimant. Claimant argues the employer failed to use common sense because it declined to offer to claimant the same work hours claimant enjoyed before the injury.

However, claimant cites no case where this court concluded that an employer did not offer suitable employment because the employer failed to provide the same work hours as the claimant's previous job when the work hours are *unrelated* to the claimant's physical condition.

In *Kachinski*, the express language of the Supreme Court's criterion is that the employer must "produce evidence of a referral ... to a then open job ... which fits in the occupational category for which the claimant has been given medical clearance, e.g., light work, sedentary work, etc."

In this case, the referee found, and the claimant admits, that the position offered to her by the employer is within her physical capabilities. Therefore, because there is no medical reason for a flexible hourly schedule, the employer met its burden in this case.

Accordingly, the decision of the board is affirmed.

## ORDER

NOW, December 4, 1991, the decision of the Workmen's Compensation Appeal Board, No. A90–702, dated April 2, 1991, is affirmed.