CPV MANUFACTURING, INC. and
PMA Insurance Group,
Petitioners,

v.

WORKERS' COMPENSATION
APPEAL BOARD (McGovern),
Respondent.

Commonwealth Court of Pennsylvania.

Argued June 12, 2002.
Decided Aug. 19, 2002.

Neil Mittelman, Blue Bell, for petitioner.

No appearance entered on behalf of respondent.

BEFORE: COLINS, President Judge, SMITH–RIBNER, J., PELLEGRINI, J., FRIEDMAN, J., LEADBETTER, J., COHN, J., and LEAVITT, J.

OPINION BY President Judge COLINS.

Presented to this Court is the question of whether an employee's time away from work to pursue medical treatment needed to resolve a workers' compensation injury, where such treatment is readily available during non-work hours, constitutes a "disability" as that term is defined by the Workers' Compensation Act[1] and related case law. We conclude that it does not.

Petitioners, CPV Manufacturing, Inc., employer, and its insurer, PMA Insurance Group, have filed a petition for review of the order of the Workers' Compensation Appeal Board (Board) affirming a Workers' Compensation Judge's (WCJ) award of partial disability benefits to claimant Darren McGovern, and granting claimant's petition for review of a utilization review

---

**1.** Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4; 2501–2626.

determination. The three issues raised ask: 1) whether substantial evidence supports the finding that claimant met his burden of proving that he sustained a work-related injury, 2) whether substantial evidence supports the finding that claimant suffered a loss of earnings; and 3) whether the WCJ issued a reasoned decision. For the reasons set forth below, we affirm that part of the Board's order affirming the grant of the claim petition, and the grant of the petition for review of the utilization review determination; we reverse that part of the Board's order affirming claimant's award of partial disability benefits granted for time away from work to seek medical treatment.

The facts are as follows. On October 28, 1996, employer filed a utilization review petition seeking review of claimant's medical treatment from October 19, 1994 to the present. On February 10, 1997 claimant filed a petition for review of the Utilization Review Determination. On May 8, 1997, claimant submitted a claim petition alleging that on October 19, 1994 he sustained bilateral carpal tunnel syndrome and wrist and arm pain while working in the employ of CPV Manufacturing, Inc. as a receiving clerk. Employer filed an answer on June 4, 1997,[2] denying all material allegations contained in the claim petition. The matter proceeded before a WCJ.

The WCJ found credible claimant's testimony that because of pain that claimant was experiencing in his hands and wrists he scheduled a visit with Spencer Broad, D.C. The WCJ also found credible claimant's medical expert, Spencer Broad, D.C., who testified that on October 24, 1994, he diagnosed claimant as suffering with bilateral carpal tunnel syndrome. Dr. Broad further testified that he scheduled an EMG that subsequently confirmed that claimant was suffering with bilateral mild carpal tunnel syndrome. (Finding of Fact No. 1c; Deposition Testimony of Dr. Broad, pp. 10, 34–37.) Dr. Broad recommended a course of treatment involving carpal manipulations, myofascial release techniques, joint mobilization, and electrical stimulation. (Finding of Fact No. 1d; Deposition Testimony of Dr. Broad, pp. 37–38.) By letter dated August 8, 1996, Dr. Broad informed employer that in his "strong opinion [claimant] is able to work with no significant restrictions as long as he is treated approximately one to two times per month." (Deposition Testimony of Dr. Broad, pp. 11–12.)

Claimant credibly testified on his own behalf regarding the nature of his injury and the number of hours he works per week. Claimant testified that his place of employment closes early on Fridays. He leaves work around noon, goes home and changes clothes, and then travels to Dr. Broad's office to receive his medical treatment. (Notes of Testimony of Darren McGovern, September 24, 1997, pp. 32–33.) The WCJ found that although claimant works at his pre-injury job, he lost eight hours per month to treat for his work injury. (WCJ's Finding of Fact No. 2a.) The WCJ also found that when claimant takes time off from work to receive treatments, his employer writes "workers' compensation" on claimant's time card. (WCJ's Finding of Fact No. 2c.) The WCJ found that employer told claimant he would have to accumulate time to be compensated via workers' compensation. Further, it was found that claimant did not use sick or vacation leave to go to his treatments and has not been paid for time lost

---

**2.** The WCJ's account of the filings relates that employer's answer was filed on January 13, 1997, that date was repeated in the opinion of the Board. In reviewing the original record in this matter, it was found that the answer was actually filed on June 4, 1997.

to treat for his work injury. (WCJ's Finding of Fact No.2d.)

In opposition to the claim and review petitions, employer presented the testimony of Larry A. Roth, D.C. Even though Dr. Roth never examined claimant, and never consulted with claimant's treating physician, Dr. Roth opined that claimant only required six months of medical treatment for bilateral carpal tunnel syndrome. (WCJ's Findings of Fact Nos. 3b–3c.) The WCJ found Dr. Roth not credible and concluded that claimant met his burden of proving that he suffered, and was partially disabled from, a work-related injury as of October 19, 1994. The WCJ noted that employer paid the medical bills associated with this claim. (Notes of Testimony, September 24, 1997, p. 13.) Based on the aforementioned findings, the WCJ found that claimant was able to work if he continued with medical treatment. (Finding of Fact No. 1e.) The WCJ granted benefits concluding that while claimant was able to work, his departure from work to seek medical treatment constituted a disability entitling him to benefits. The WCJ granted the claim petition; further, the WCJ granted claimant's petition for review of a utilization review determination based on the finding that claimant's medical expenses were reasonable and necessary. The Board affirmed. The present appeal by employer followed.

In workers' compensation matters, this Court's scope of review is limited to determining whether errors of law were committed, constitutional rights were violated, or whether necessary findings of fact were supported by substantial evidence. 2 Pa. C.S. § 704; *Udvari v. Workmen's Compensation Appeal Board (USAir)*, 550 Pa. 319, 705 A.2d 1290 (1997). Employer argues that the Board erred as a matter of law in affirming the WCJ's determination

because claimant failed to prove that he sustained a work-related injury. Employer contends that chiropractors are not "qualified physicians" as defined by the Act and do not have the ability to offer a diagnosis beyond their area of expertise, which it is asserted, is limited to the vertebral column. Employer relies on Section 422 of the Act, 77 P.S. § 835,[3] and *Weis Markets, Inc. v. Workmen's Compensation Appeal Board (Barbuto)*, 132 Pa.Cmwlth. 345, 572 A.2d 1295 (1989), to support its contention. We disagree with the position advanced by employer.

■ *Weis Markets* and related cases relying on the language contained in Section 422 of the Act, 77 P.S. § 835, proffer that unsworn certificates are insufficient to establish proof of a medical condition and that findings of fact may not be based on those unsworn certificates alone. The basis for that holding was the language in the Act, which provided:

> Where any claim for compensation at issue before a [WCJ] involves **twenty-five** weeks or less of disability, either the employe or the employer may submit a certificate by any **qualified physician** as to the history, examination, treatment, diagnosis and cause of the condition, and sworn reports by other witnesses as to any other facts and such statements shall be admissible as evidence of medical and surgical or other matters therein stated and findings of fact may be based upon such certificates or such reports.

*Weis Markets* reviewed that language and concluded that a chiropractor was not a "qualified physician" under the Act; therefore, unsworn certificates were inadmissible to support work-related justification for treatment of expenses. However, that

---

**3.** Added by § 6 of the Act of June 26, 1919, P.L. 642, *as amended.*

section was amended in 1993 and again in 1996, and now provides, in pertinent part,

Where any claim for compensation at issue before a [WCJ] involves **fifty-two weeks** or less of disability, either the employe or the employer may submit a certificate by any **health care provider** as to the history, examination, treatment, diagnosis, cause of the condition and extent of disability, if any, ... and such statements shall be admissible as evidence of medical and surgical or other matters therein stated and findings of fact may be based upon such certificates or such reports.

Section 422 of the Act, 77 P.S. § 835 (emphasis added). The language used is not restrictive, and it admits the sworn certificate of any health care provider. A chiropractor is a practitioner of chiropractic. 63 P.S. § 625.102.[4] Chiropractic is "[a] branch of the healing arts dealing with the relationship between the vertebral column, ... and the neuro-musculo-skeletal system .... and related conditions of the nervous system ..." *Id.* The healing art is "[t]he science of diagnosis and treatment in any manner whatsoever of disease or any ailment of the human body." 1 Pa.C.S. § 1991. Therefore, chiropractors are health care providers.

■ Herein, the sworn statements of Dr. Spencer Broad, a health care provider, are admissible as evidence of medical matters and sufficient to support the WCJ's findings of fact. Further, the WCJ having found that testimony credible, and that testimony being replete with reference to medical tests, reports, and examinations, constitutes the substantial evidence necessary to support the WCJ's finding of partial disability.

■ Employer also contends that the WCJ failed to render a "reasoned deci-sion." This issue is governed by Section 422(a) of the Act, 77 P.S. § 834. Section 422(a) which provides:

Neither the board nor any of its members nor any workers' compensation judge shall be bound by the common law or statutory rules of evidence in conducting any hearing or investigation, but all findings of fact shall be based upon sufficient competent evidence to justify same. . All parties to an adjudicatory proceeding are entitled to a reasoned decision containing findings of fact and conclusions of law based upon the evidence as a whole which clearly and concisely states and explains the rationale for the decisions so that all can determine why and how a particular result was reached. The workers' compensation judge shall specify the evidence upon which the workers' compensation judge relies and state the reasons for accepting it in conformity with this section. When faced with conflicting evidence, the workers' compensation judge must adequately explain the reasons for rejecting or discrediting competent evidence .... The adjudication shall provide the basis for meaningful appellate review.

77 P.S. § 834. The authority of the WCJ over conflicting medical evidence and evidentiary weight is unquestioned. *Sherrod v. Workmen's Compensation Appeal Board (Thoroughgood, Inc.)*, 666 A.2d 383, 385 (Pa.Cmwlth.1995). Section 422(a) of the Act does not require that the WCJ set forth in detail the process by which he arrived at such a determination. It is sufficient that the decision contains findings of fact and conclusions of law, based upon all of the evidence, which clearly and concisely state and explain the rationale for the WCJ's decision. *Daniels v. Work-*

---

**4.** Section 101 of the Chiropractic Act, Act of December 16, 1886, P.L. 1646.

ers' Compensation Appeal Board (Tristate Transport), 753 A.2d 293 (Pa.Cmwlth.), petition for allowance of appeal granted, 563 Pa. 552, 763 A.2d 369 (2000). Here, the WCJ found the testimony of Dr. Broad more credible than that of Dr. Roth. The WCJ accepted the findings of Dr. Broad and rejected those of Dr. Roth. The WCJ clearly set forth the necessary findings of fact and conclusions of law enabling this Court to provide meaningful review. The decision includes a statement of the facts based on the evidence presented, credibility determinations, and an explanation of the basis for the decision. Therefore, the WCJ issued a reasoned decision.

■ Finally, employer argues that the WCJ and the Board erred in concluding that, as a matter of law, time away from work to seek medical treatment constitutes a compensable disability. We agree.

■ Periodically, the term "disabled" has become entangled with everyday parlance and an argument is advanced suggesting that "disability" is limited to physical injury, and that compensation results from the injury. Such is not the case in Pennsylvania. In this Commonwealth, it has been explained that the term "disability" links two discrete concepts: 1) a physical injury, that 2) results in loss of earning power. Therefore, a mere physical injury will not, absent specific circumstances, result in the receipt of benefits.[5] Rather, "[i]n the interpretation of the Work[ers]' Compensation Act, 77 P.S. § 1 et seq., the word 'disability' is to be regarded as synonymous with 'loss of earning power'." Unora v. Glen Alden Coal Company, 377 Pa. 7, 12, 104 A.2d 104, 107 (1954); Ruth Family Medical Center v.

Workers' Compensation Appeal Board (Steinhouse), 718 A.2d 397 (Pa.Cmwlth. 1998). "The disability contemplated by the Act is the loss, total or partial, of the earning power from the injury." Woodward v. Pittsburgh Engineering & Construction Co., 293 Pa. 338, 340, 143 A. 21, 22 (1928). A causal connection between the work-related injury suffered and a loss of wages must be established in order to receive an award of wage loss benefits. Farquhar v. Workmen's Compensation Appeal Board (Corning Glass Works), 515 Pa. 315, 528 A.2d 580 (1987); Ruth Family Medical Center; Shaffer v. Workmen's Compensation Appeal Board (Hollenback Township), 153 Pa.Cmwlth.430, 621 A.2d 1125 (1993). "We determine the degree of a workers' disability by reference to how the injury affected his earnings." Landmark Constructors, Inc. v. Workers' Compensation Appeal Board (Costello), 560 Pa. 618, 747 A.2d 850, 854 (2000) (citations omitted). As noted by the dissenting opinion of Board Commissioner Fleck, it is well-settled that the loss of earning power resulting from an employee's personal preferences or voluntary conduct is not compensable. Swope v. Workmen's Compensation Appeal Board (Harry Products), 144 Pa.Cmwlth.22, 600 A.2d 670 (1991); Cf. Section 306(d) of the Act, 77 P.S. § 514; Schroeder v. Workmen's Compensation Appeal Board (City of Reading), 116 Pa.Cmwlth.130, 541 A.2d 410 (1988) (holding that medical treatment which prevents an employee from working may entitle the employee to workers' compensation disability benefits).

■ Once the employee has been released to return to work, the employer is

---

**5.** Compensation for specific loss is paid without regard for loss of earning power and even if the claimant has lost no time from work. *Mathies Coal Co. v. Workmen's Compensation Appeal Board (Henry)*, 114 Pa.Cmwlth.11, 538

A.2d 590 (1988). Specific loss includes loss of members of the body, complete loss of hearing in one or both ears, complete loss of vision in one or both eyes, and disfigurement. 77 P.S. § 513.

required to demonstrate that a job has been made available to the employee and the rate of pay made available to the employee. If the employee's rate of pay is unchanged or greater than that which was received pre-injury, the employee's disability has ceased, which necessarily means that the payment of benefits will be discontinued upon proper petition. *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 516 Pa. 240, 532 A.2d 374 (1987).

Here, the claimant lost no time from work as a result of his work injury. Although claimant testified that he lost approximately eight hours per month to treat with Dr. Broad, in fact the lost time was attributable to claimant's preference to pursue treatment during work hours. Claimant testified that approximately every other Friday, he left his work place located at 2124 Glenview Street in Philadelphia around noon, stopped at his house and changed clothes, and then drove over to Dr. Broad's office, which was located at the Northeast Racket Club and Fitness Center on Grand Avenue and Krewstown Road in Philadelphia.

Claimant testified that he was sometimes in the doctor's office for 1½ hours, though the actual treatment lasted only 15 to 20 minutes. He testified that he did not return to work because his place of employment closed at 3:30 PM on Fridays. (Notes of Testimony, September 24, 1997, pp. 33–40.) Finally, Dr. Broad testified that his office are Monday through Friday from 8:30 AM to 1:00 PM and from 3:00 PM to 7:00 PM.

We conclude from the foregoing that where the evidence of record establishes that medical treatment is readily available to a claimant during non-work hours, loss of time from work due to treatment, does not amount to a work-related disability under the Act. Where as here,

the claimant does not seek medical treatment that is readily available to claimant during non-work hours, but rather leaves the workplace early to receive such treatment, the claimant is not entitled to an award of wage loss benefits.

Accordingly, the order of the Workers' Compensation Appeal Board affirming the WCJ's decision granting the claim petition and the petition for review of a utilization review determination is affirmed; the award of wage loss benefits is reversed.

### ORDER

**AND NOW**, this 19th day of August 2002, the order of the Workers' Compensation Appeal Board affirming the WCJ's decision granting the claim petition and the petition for review of a utilization review determination is affirmed; the award of wage loss benefits is reversed.

DISSENTING OPINION BY Judge FRIEDMAN.

I agree with the opinion of the majority insofar as it concludes that the Workers' Compensation Appeal Board (Board) did not err in affirming the decision of the Workers' Compensation Judge (WCJ) granting the claim petition and petition for review of the utilization review organization's determination filed on behalf of Darren McGovern (Claimant). I respectfully dissent, however, from that portion of the majority's opinion insofar as it concludes that the Board erred in affirming that aspect of the WCJ's decision awarding Claimant partial wage loss benefits.

There is no question that Claimant sustained a work-related injury in the nature of bilateral carpal tunnel syndrome in the course of his employment with CPV Manufacturing, Inc. (Employer). As the majority opinion notes, Claimant's treating physician, Spencer Broad, D.C., recommended a course of treatment for Claimant involving

carpal manipulation, myofascial release techniques, joint mobilization and electrical stimulation. As the majority opinion also notes, Dr. Broad was of the "strong" opinion that Claimant "is able to work with no significant restrictions as long as he is treated approximately one to two times per month." (N.T., Deposition of Dr. Broad, pp. 11–12). The WCJ accepted the testimony of Dr. Broad as credible and persuasive.

In order to receive his necessary treatments from Dr. Broad, Claimant would leave work early every other Friday.[1] Admittedly, Dr. Broad's office hours accommodated Claimant's work schedule such that he could attend his appointments later in the day and not miss any time from work. However, as the Board noted in its opinion, nothing in the Pennsylvania Workers' Compensation Act[2] requires a claimant to schedule medical treatment for a work-related injury during non-working hours. Moreover, Claimant's receipt of these medical treatments ultimately benefited Employer, as Dr. Broad essentially indicated that Claimant required these treatments in order to perform his job. If Claimant did not receive these treatments, he would presumably be entitled to total disability benefits. Hence, I believe the WCJ was correct in awarding Claimant partial wage loss benefits for the time he missed work in order to treat his work-related injury.

For these reasons, I would affirm the order of the Board in its entirety.

Judge SMITH–RIBNER joins this dissent.

---

1. Claimant lost approximately eight hours per month in seeking this treatment.

2. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4; 2501–2626.