539 A.2d 15

Isobel Ruth Cheronis, Guardian ad Litem of the Person of Mary Brown, an incompetent *v.* Southeastern Pennsylvania Transportation Authority et al. Southeastern Pennsylvania Transportation Authority and Consolidated Rail, Appellants.

Isobel Ruth Cheronis, Guardian Ad Litem of the Person of Mary Brown, an Incompetent *v.* Southeastern Pennsylvania Transportation Authority et al. Southeastern Pennsylvania Transportation Authority and Consolidated Rail Corporation, Appellants.

Argued September 15, 1987, before Judges Barry and Colins, and Senior Judge Barbieri, sitting as a panel of three.

*Joseph R. Livesey,* for appellant.

*Alton G. Grube,* Senior Deputy Attorney General, with him, *LeRoy S. Zimmerman,* Attorney General, for appellees.

OPINION BY JUDGE COLINS, March 15, 1988:

Southeastern Pennsylvania Transportation Authority and Consolidated Rail Corporation (collectively, appellants) appeal an order of the Court of Common Pleas of Philadelphia County granting judgment on the pleadings in favor of the Commonwealth of Pennsylvania and individual members of the Pennsylvania Board of Probation and Parole, Fred W. Jacobs, Paul Duscano, John Jefferson, Verdell Dean and William Forbes (Parole Board members).

The facts of this unfortunate matter are straightforward. On March 3, 1980, Mary Brown was violently assaulted in the underground levels of the Philadelphia Suburban Station as she attempted to board a passenger train. Although the attack occurred at approximately 6:00 o'clock P.M., Ms. Brown was not discovered and assisted until 12:00 o'clock P.M. the following day. She sustained severe physical injuries which included, as the trial court noted, permanent brain damage, paralysis, multiple internal and external injuries and irreversible functional and mental impairment.

By Complaint in trespass dated August 21, 1980, Isobel Ruth Cheronis, Guardian ad litem of the person of Ms. Brown, asserted that appellants were liable for Ms. Brown's injuries by virtue of their exclusive possession and control of Suburban Station and their purported failure to there provide adequate security. Appellants then filed a third party Complaint against the City of Philadelphia, the Commonwealth, the above-named Parole Board members and Wendell Long, the alleged perpetrator[1] of the attack. The allegations against the Commonwealth and individual Parole Board members centered upon their alleged failure to provide adequate

---

[1] The trial court in its opinion indicated that Mr. Long was acquitted of all charges stemming from the assault of Ms. Brown.

psychiatric care for Mr. Long while he was an inmate in a Commonwealth correctional facility and for releasing Mr. Long on parole without subsequent adequate supervision.

In response, the Commonwealth and Board members pleaded the affirmative defense of sovereign immunity and then filed a Motion for Judgment on the Pleadings, again asserting: (1) that suit against the Commonwealth was barred by those provisions of the Judicial Code pertaining to sovereign immunity, 42 Pa. C. S. §8521, and that none of the exceptions for waiver of such immunity set forth in 42 Pa. C. S. §8522 were implicated by the allegations of appellants;[2] and (2) that the individual Board members were immune from suit in accordance with *DuBree v. Commonwealth,* 481 Pa. 540, 393 A.2d 293 (1978), pertaining to the common law defense of official immunity. As noted, the trial court granted the motion and dismissed the complaint against the Commonwealth and Parole Board members.[3]

---

[2] The trial court noted that the pertinent statutory authority at the time of the attack on Ms. Brown was in fact the Act of September 28, 1978, P.L. 788, commonly known as Act 152, repealed by the Act of October 5, 1980, P.L. 693, and replaced by the Act of October 5, 1980, P.L. 693, *as amended,* 42 Pa. C. S. §§8521-28. We concur in the trial court's assessment that the instant matter is controlled by Act 152, effective at the time the instant cause of action accrued, but note that the successor statute is not significantly different from Act 152 for our purposes.

[3] By separate order of the same date, December 4, 1981, the trial court also granted a Motion for Judgment on the Pleadings filed by the City of Philadelphia and dismissed the City from the suit. Thereupon followed a procedural morass, not relevant here, culminating in the trial court's reversal on February 25, 1986 of its December 4, 1981 order as to the City of Philadelphia while confirming the prior order with regard to the Commonwealth and Board members. For our purposes, it is sufficient to note that the question of the timeliness of appellants' appeal was resolved by order of this Court granting their Petition for Leave to File an Appeal Nunc Pro Tunc.

The instant matter is strikingly similar to another dispute considered by this Court en banc in *Moore v. Commonwealth,* 114 Pa. Commonwealth Ct. 56, 538 A.2d 111 (1988). *Moore* involved a claim for damages against the Commonwealth and certain individual defendants by the victim of an attack by a furloughed inmate. We there considered the Commonwealth's entitlement to sovereign immunity under Act 152, as well as the provision therein of official immunity. We rejected the victim's contention that allegations of negligence on the part of the Commonwealth and individual defendants in approving the inmate's furlough and in failing to diagnose and treat his psychiatric condition comprised circumstances for which immunity had been statutorily waived. Guided by our holding in *Moore,* we find the Commonwealth and the individual Parole Board members in the instant matter immune from suit.

Turning to the complaint against the Commonwealth, we note that appellants alleged the following negligent acts or omissions: (1) the failure to adequately police the site of the attack; (2) the failure to provide adequate medical and psychiatric care to Mr. Long during his incarceration and after his release on parole; and (3) the authorization of parole for Mr. Long despite his purported need for such care. Appellants assert an explicit duty on the part of the Commonwealth to provide such medical and psychiatric services arising from certain statutory and regulatory sources,[4] but indeed fail to specify the manner in which such duty was abrogated

---

[4] As such sources, Appellants cite the provisions of 61 Pa. C. S. §1 and 37 Pa. Code §95.232(b)(3) respectively requiring that newly-incarcerated prisoners receive medical and psychiatric examinations and that "[p]sychiatric services . . . be provided on a contractual basis where full-time psychiatrists are impractical. . . ."

by the Commonwealth. Appellants now submit that such averments as to the inadequate provision of requisite medical services fall within the statutory waiver of immunity for medical-professional liability found in Section 5110(a)(2)[5] of Act 152, which pertinently states:

*Medical-professional liability.*—Damages caused by Commonwealth health care employees of medical facilities or institutions or by a doctor, dentist, nurse and related health care personnel.

In *Moore*, as noted, we rejected a similar contention that allegations of the Commonwealth's negligent failure to properly diagnose and treat an inmate's psychiatric condition and the release of such prisoner on furlough despite his psychiatric deficiencies comprised circumstances for which immunity had been waived pursuant to the medical-professional liability exception. We reiterated our Supreme Court's declaration in *Chevalier v. City of Philadelphia*, 516 Pa. 316, 532 A.2d 411, 413 (1987), that the General Assembly has not waived the immunity of the "Commonwealth or its local agencies" for harm caused by third persons "in *any of the eight* [immunity] exceptions." (Emphasis in original and citing *Mascaro v. Youth Study Center*, 514 Pa. 351, 523 A.2d 1118 (1987).) We found that such a restriction fully comports with the precept that exceptions to an absolute rule of immunity must be narrowly construed, *see id.*, cognizant of the fact that the explicit language of Section 5110(a)(2) of Act 152 waives immunity only, for "[d]amages caused by Commonwealth health care employees . . . or by a doctor, dentist, nurse and related health care personnel." Simply stated, our decision in *Moore* controls our disposition of the instant matter as to the Commonwealth. Because Ms. Brown's injuries

---

[5] A comparable provision now appears at 42 Pa. C. S. §8522(b)(2).

were caused by the criminal acts of a third party, the Commonwealth is insulated from all liability for such harm.[6] *Chevalier; Moore.*

Turning to the complaint against the individual Board members, we preliminarily emphasize that the Pennsylvania Board of Probation and Parole is not a party to the instant litigation; as noted, the named parole board members were sued in their individual capacities. Appellants' complaint, in essence, averred that the Board members were negligent in paroling Mr. Long and in subsequently failing to supervise his parole. The gravamen of such allegations is comparable to those in *Moore,* differing, of course, in the nature of the inmate release program and the identity of persons charged with the decision-making process leading to such release.[7] Again guided by *Moore,* we hold the Board members immune from suit in the instant matter.

In *Moore,* we read Section 2310 of Act 152, 1 Pa. C. S. §2310,[8] and the provisions of Title 42, specifically

---

[6] Having so found, we do not address Appellants' contention that the provision of medical care by prison staff is a service encompassed by the medical-professional waiver of liability.

[7] *Moore* also differed from the instant matter in that it involved allegations of willful misconduct, whereas the allegations against the Commonwealth and the Board members here involved only negligence.

[8] Section 2310 of Act 152 states that:

It is hereby declared to be the intent of the General Assembly that the Commonwealth, *and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity.* When the General Assembly specifically waives sovereign immunity, a claim against the Commonwealth *and its officials and employees* shall be brought only in such manner and in such courts and in such cases as directed by the provisions of Title 42. . . . (Emphasis added.)

Section 5110(a) of Act 152[9], as clearly providing that the "Commonwealth, and its officials and employees, enjoy the same statutory sovereign immunity. In other words, if the Commonwealth is entitled to sovereign immunity under Act 152, then its officials and employees acting within the scope of their duties are likewise immune." *Id.* at 63, 538 A.2d at 115, (emphasis deleted). Appellants have not alleged that the named Board members acted in a manner beyond the scope of their duties. Because the "legislative scheme of immunity . . . consistently excludes all criminal acts from liability," *Mascaro,* 514 Pa. at 364, 523 A.2d at 1124, we conclude appellants' suit against the individual Board members is barred by the provisions of Act 152.

Having so found, we need not consider the factors pertinent to a grant of official immunity as enunciated in *DuBree* and concisely summarized by this Court in *Pine v. Synkonis,* 79 Pa. Commonwealth Ct. 479, 482-83, 470 A.2d 1074, 1076 (1984). Were we to do so, and again echoing the analysis in *Moore,* 114 Pa. Commonwealth Ct. at 64, n.9, 538 A.2d at 115, n.9, we would find a grant of immunity appropriate. Parole decisions, like furlough determinations, necessarily involve skilled

---

[9] That section provides as follows:

(a) General rule.—The General Assembly . . . does hereby waive, in the following instances only and only to the extent set forth in this section . . . sovereign immunity as a bar to an action against Commonwealth agencies, *and their officials and employees acting within the scope of their duties,* for damages arising out of a negligent act or omission where the damages would be recoverable under the common law or a statute creating a cause of action if caused by a person not having available the defense of sovereign immunity. (Emphasis added and provision then defining enumerated exceptions to such immunity. *See* Section 5110(a)(1)-(8).)

evaluations of complex individual factors, not readily measured against a predictable standard of care.

Accordingly, the Order of the Court of Common Pleas dismissing the Commonwealth and individual Board members from this case is affirmed.

## ORDER

AND NOW, this 15th day of March, 1988, the Order of the Court of Common Pleas of Philadelphia County in the above-captioned matters is affirmed.