557 A.2d 822

Emil Goryeb, Executor of The Estate of Greg Goryeb. Clarks Summit State Hospital et al. Thomas Nice, III et al. Commonwealth of Pennsylvania, Department of Public Welfare, Clarks Summit State Hospital and Yao C. Wang, M.D., Appellants.

Argued March 6, 1989, before Judges CRAIG and COLINS (P.), and Senior Judge BARBIERI, sitting as a panel of three.

*Mark E. Garber,* Chief Deputy Attorney General, for petitioners.

*Anthony C. Falvello,* with him, *Joseph A. Quinn, Jr., Hourigan, Kluger, Spohrer & Quinn, P.C.,* for respondent, Emil Goryeb, Executor.

*Joseph P. Giovannini, Jr., Winkler, Danoff and Lubin,* for respondent, Marie Collins.

OPINION BY JUDGE COLINS, April 20, 1989:

The Commonwealth of Pennsylvania, Department of Public Welfare, Clarks Summit State Hospital, and Yao C. Wang, M.D. (appellants) petitioned for permission to appeal an order of the Court of Common Pleas of Luzerne County which denied appellants' motion for summary

judgment. We granted permission pursuant to Pa. R.A.P. 1311 on October 13, 1988. The order of the trial court is reversed.

This litigation arose as a result of a November 21, 1984, involuntary commitment for psychiatric care of Jeffrey Geiger to the Clarks Summit State Hospital on the basis that he was both a threat to himself, as well as others.[1] Geiger was found to be severely mentally disabled and diagnosed as suffering from depression as a result of problems with his former girlfriend Marie Collins. After a meeting held on November 23, 1984, it was determined that Geiger would be released on November 26, 1984. However, Geiger did not receive any substantial treatment before being released because of staffing problems as a result of the Thanksgiving weekend.

On December 5, 1984, Geiger entered the premises occupied by Greg Goryeb, Thomas Nice, III, and Marie Collins (appellees).[2] At this time, Geiger shot and killed Greg Goryeb and seriously wounded the other two appellees. Geiger then proceeded to shoot and kill himself.

Appellees filed a complaint alleging that the appellants were either grossly negligent or had committed willful misconduct in discharging Geiger from the State Hospital. They further alleged that Geiger was discharged, despite the fact that he was still seriously ill and his mental problems made him a threat to the community. The appellants in their answer and new matter asserted that they were immune from liability pursuant to 1 Pa. C. S. §2310 and that the appellees' cause of action was barred by 42 Pa. C. S. §§8521 and 8522. Appellants then proceeded to file a motion for summary judgment

---

[1] Geiger was committed pursuant to Section 302 of the Mental Health Procedures Act (Act), Act of July 9, 1976, P.L. 817, *as amended,* 50 P.S. §7302.

[2] Emil Goryeb is the Executor of the Estate of Greg Goryeb.

contending that they were immune from suit due to Geiger's third party criminal acts.

The trial court denied this motion on August 30, 1988. On September 14, 1988, the trial court amended its order to include the operative language of Section 702(b) of the Judicial Code, 42 Pa. C. S. §702(b), allowing an interlocutory appeal by permission. This appeal followed.

Summary judgment may only be granted where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Muncy Area School District v. Gardner*, 91 Pa. Commonwealth Ct. 406, 497 A.2d 683 (1985). *See also* Pa. R.C.P. No. 1035.

The appellants argue that the trial court was incorrect in holding that the Supreme Court's decision in *Mascaro v. Youth Study Center*, 514 Pa. 351, 523 A.2d 1118 (1987), was not applicable because *Mascaro* involved what is commonly referred to as the Political Subdivision Tort Claims Act, 42 Pa. C. S. §§8541-8564. The appellants in their brief cite the case of *Moore v. Department of Justice*, 114 Pa. Commonwealth Ct. 56, 538 A.2d 111 (1988), and its language which states, "[a]lthough these cases[3] addressed the governmental immunity of local agencies, the reasoning of these decisions mandates the same conclusion with respect to the Commonwealth under Act 152." *Id.* at 60, 538 A.2d at 113 (footnote omitted).

The appellees' argument misses the language of *Mascaro* where it states:

Acts of *others*, however, are specifically excluded in the general immunity section (42 Pa. C. S. §8541), and are nowhere discussed in the eight exceptions. On this basis alone, we must conclude

---

[3] *Chevalier v. City of Philadelphia*, 516 Pa. 316, 532 A.2d 411 (1987); *Mascaro; Johnson v. SEPTA*, 516 Pa. 312, 532 A.2d 409 (1987).

that any harm that others cause may not be imputed to the local agency or its employees.

. . .

We believe the Legislature has clearly precluded the imposition of liability on itself or its local agencies for acts of third parties by its language of §8541, ... and that it has not seen fit to waive immunity for these actors or their acts in any of the eight exceptions.

*Mascaro* at 362-363, 523 A.2d at 1124 (emphasis in original).

"[T]he general rule that criminal and negligent acts of third parties are superseding causes which absolve the defendant from liability for the harm caused by such third parties"[4] is applicable to the matter *sub judice*. "[T]he Tort Claims Act, specifically 42 Pa. C. S. §8541, clearly precludes the imposition of liability on the Commonwealth or its local agencies for the acts of third parties, ... ."[5]

Similarly, in *Cheronis v. SEPTA,* 114 Pa. Commonwealth Ct. 412, 539 A.2d 15 (1988), we relied on *Moore* for the proposition that allegations of the Commonwealth's negligent failure to properly diagnose and treat a patient's psychiatric condition and the subsequent release of such patient, despite his psychiatric deficiencies, is not a circumstance for which immunity has been waived.

In reviewing the record in the light most favorable to the non-moving party, in this case the appellees, it is clear that under the holding of *Mascaro* and its progeny that no material issue of fact existed. The acts of Geiger constituted third party criminal acts for which immunity of the Commonwealth and its local agencies has not been expressly waived. Therefore, the appellants were enti-

---

[4] *Moore,* 114 Pa. Commonwealth Ct. at 60, 538 A.2d at 113.

[5] *Chevalier,* 516 Pa. at 319, 532 A.2d at 413.

tled to summary judgment as a matter of law. *Kuehner v. Parsons,* 107 Pa. Commonwealth Ct. 61, 527 A.2d 627 (1987).

Accordingly, the the trial court's order denying the appellants' motion for summary judgment is reversed.

ORDER

AND NOW, this 20th day of April, 1989, the order of the Court of Common Pleas of Luzerne County in the above-captioned matter denying the appellants' motion for summary judgment is reversed. We remand to the trial court for the entry of summary judgment in favor of appellants.