562 A.2d 1025

**HARRISBURG STATE HOSPITAL, Appellant,**

v.

**Thomas SHERK and Susan Sherk, his wife, Lina Wiegel, as Administrator of the Estate of Mark A. Jordan, Appellees.**

Commonwealth Court of Pennsylvania.

Argued June 8, 1989.

Decided Aug. 17, 1989.

Stephen E. Geduldig, Deputy Atty. Gen., Office of Atty. Gen., Torts Litigation Unit, Harrisburg, for appellant.

Gary M. Lightman, Peter J. Hart, Harrisburg, for appellees.

Before DOYLE and PALLADINO, JJ., and NARICK, Senior Judge.

PALLADINO, Judge.

Harrisburg State Hospital (Appellant) appeals an order of the Court of Common Pleas of Dauphin County (trial court) which overruled Appellant's preliminary objection in the nature of a demurrer raising the defense of sovereign immunity.[1] For the reasons stated below, we reverse.

The facts are undisputed in this case. On June 14, 1986, police officer Thomas Sherk, (Sherk) while investigating a report of a suspicious person, attempted to place under arrest one Mark Jordan (Jordan). A scuffle ensued during which Jordan obtained Sherk's service revolver and shot Sherk in the thigh. Jordan fled the scene with the weapon and committed suicide with it several hours later. Jordan had been institutionalized at Harrisburg State Hospital from October 12, 1985 through May 3, 1986.

On August 2, 1988 Sherk and his wife (Appellees) filed a complaint which alleged in pertinent part that the Appellant had been (1) negligent in undertaking and administering medical care to Jordan; (2) negligent by employing persons who failed to use the requisite skill and care in treating Jordan; (3) negligent by failing to ascertain the extent of Jordan's illness prior to discharge; and (4) negligent by failing to properly supervise its employees so as to prevent the early release of Jordan. Appellant filed preliminary objections, one of which was in the nature of a demurrer raising the defense of sovereign immunity, which the trial court overruled. Appellant appeals from that order.[2]

 In determining whether to sustain preliminary objections in the nature of a demurrer, all well-pleaded facts and all inferences that may be deduced therefrom, but not

1. 1 Pa.C.S. § 2310; 42 Pa.C.S. § 8521.

2. We note that leave to appeal an interlocutory order was granted, but prior to its issuance, an amended complaint was filed by Appellees Thomas Sherk and Susan Sherk. Appellant filed an answer and new matter raising the defense of sovereign immunity. On March 16, 1989, this court granted Appellant's Petition For Permission to Appeal. However, because the only order before this court in this matter is the order overruling the preliminary objection relating to sovereign immunity, all references in this opinion will be to the preliminary objection.

conclusions of law, must be accepted as true. *County of Allegheny v. Dominijanni*, 109 Pa. Commonwealth Ct. 484, 531 A.2d 562 (1987). A demurrer will not be sustained unless it is clear on the face of the pleading that the law will not permit recovery. *Hawkins v. City of Harrisburg*, 120 Pa. Commonwealth Ct. 369, 548 A.2d 399 (1988).

Appellees argue that the medical-professional liability exception to sovereign immunity, 42 Pa.C.S. § 8522(b)(2) is applicable to this case. This section reads as follows:

Medical-professional liability.—Acts of health care employees of Commonwealth agency medical facilities or institutions or by a Commonwealth party who is a doctor, dentist, nurse or related health care personnel.

In *Chevalier v. City of Philadelphia*, 516 Pa. 316, 319, 532 A.2d 411, 413 (1987) the supreme court held that "harm caused by third persons *may not* be imputed to a local agency or its employees" (emphasis added), citing in support *Mascaro v. Youth Study Center*, 514 Pa. 351, 523 A.2d 1118 (1987). As an exception to the absolute rule of immunity, the liability of medical and professional persons must be narrowly interpreted. *See Mascaro.*

While both *Chevalier* and *Mascaro* are interpreting another immunity statute and exception, two prior decisions of this court have applied the principles laid down by these two cases when interpreting the medical-professional liability exception. In *Moore v. Department of Justice*, 114 Pa. Commonwealth Ct. 56, 538 A.2d 111 (1988) we held that "criminal and negligent acts of third parties are superseding causes which absolve the [Commonwealth] from liability for the harm caused by such third parties." *Moore*, 114 Pa. Commonwealth Ct. at 60, 538 A.2d at 113. In the case at bar, since Sherk's injuries were caused by the criminal acts of a third party, Jordan, the Harrisburg Hospital is insulated from all liability. *Moore; Chevalier.*

Finally, in *Matter of Goryeb*, 125 Pa. Commonwealth Ct. 271, 557 A.2d 822 (1989), a case factually indistinguishable from the one at bar, this court held that *Mascaro* was

controlling and that the criminal acts of a discharged mental patient did not constitute acts of the Commonwealth or its employees for which immunity is waived under the medical-professional exception. We conclude that *Goryeb* is controlling. Furthermore, we conclude that the medical-professional liability exception must be limited to injuries suffered by patients, and does not include injuries inflicted upon others by those patients.

Accordingly, the order of the trial court is reversed, and the preliminary objection of the Appellant in the nature of a demurrer is sustained.

## ORDER

AND NOW, August 17, 1989, the order of the Court of Common Pleas of Dauphin County, in the above-captioned matter, overruling the preliminary objection of the Harrisburg State Hospital in the nature of a demurrer raising the defense of sovereign immunity is reversed, and this matter is remanded to the Court of Common Pleas of Dauphin County which shall sustain the preliminary objection of the Harrisburg State Hospital in the nature of a demurrer and dismiss the complaint.

Jurisdiction is relinquished.