588 A.2d 597

**Dorothy L. SABOT, Appellant,**

v.

**DEPARTMENT OF PUBLIC WELFARE, Beryl R. Johnson, Ph.D., William J. Mann, M.D., Claire G. Morrison, R.N., Appellees.**

Commonwealth Court of Pennsylvania.

Argued Oct. 2, 1990.

Decided March 20, 1991.

Bernard J. Hessley, Warren, for appellant.

Frank J. Micale, Deputy Atty. Gen., with him, Mark E. Garber, Chief, Tort Litigation Unit, and Ernest D. Preate, Jr., Atty. Gen., Pittsburgh, for appellees.

Before McGINLEY and BYER, JJ., and CRUMLISH, Jr., Senior Judge.

## OPINION

CRUMLISH, Jr., Senior Judge.

Dorothy Sabot (Sabot) appeals a Warren County Common Pleas Court order granting the preliminary objections of the Commonwealth of Pennsylvania, Department of Public Welfare at Warren State Hospital (Department) and dismissing Sabot's amended complaint. We affirm.

Sabot, a psychiatric aide at Warren State Hospital (Hospital), was sexually assaulted by George Brown (Brown), a Hospital inmate. Brown was subsequently adjudged guilty of attempted rape.

Sabot filed a complaint against the Department, Doctor Beryl Johnson, Hospital Superintendent, Doctor William

Mann, Clinical Psychiatrist, and Claire Morrison, Directress of Nursing (collectively, Defendants). Sabot alleged that Defendants were grossly negligent in their decision to place Brown in a community preparation ward, knowing he was dangerous and had a criminal record for prior sexual attacks.

Sabot also alleged that the Department was required and neglected to provide a safe workplace. Sabot's complaint asserted that the "negligence, carelessness, and recklessness" of Defendants resulted in her being sexually assaulted and suffering serious physical and emotional injuries. Plaintiff's Complaint, paragraphs 15–25.

The Defendants filed preliminary objections to Sabot's original complaint in the nature of a demurrer. The trial court sustained the preliminary objections and granted Sabot leave to file an amended complaint.

The Defendants responded with preliminary objections to Sabot's amended complaint, in which they asserted two bases for their demurrer: (1) Section 411 of The Pennsylvania Workmen's Compensation Act (Workmen's Compensation Act)[1] provides the exclusive remedy against an employer for damages on account of an injury in the course of employment; (2) sovereign immunity immunizes Commonwealth agencies and their employees against tort actions for damages resulting from the criminal or negligent acts of third parties. Section 8521 of the Judicial Code, 42 Pa. C.S.A. § 8521.

By order dated February 20, 1990, the trial court sustained the Defendants' preliminary objections and dismissed Sabot's amended complaint. The court concluded that Sabot did not complain of any damage caused to her directly by any medical-professional personnel. Thus, she could not assert the medical-professional exception to sovereign immunity, 42 Pa.C.S.A. § 8522(b)(2). The court also determined that Sabot's status as an employee of the Defendant

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 411.

Hospital precluded Sabot, under the Workmen's Compensation Act, from suing her employer.[2]  This appeal followed.

Sabot contends that the Department is not shielded by the medical-professional liability exception[3] under the Sovereign Immunity Act where she, as an employee, was injured by a mental patient as a result of the negligent supervision of that patient.  42 Pa.C.S.A. § 8522(b)(2).  As an injured employee, Sabot argues she may bring a civil tort action against her employer for failing to provide a safe workplace. *Mike v. Borough of Aliquippa*, 279 Pa.Superior Ct. 382, 421 A.2d 251 (1980), *Gillespie v. Vecenie*, 292 Pa.Superior Ct. 11, 436 A.2d 695 (1981).[4]

The Defendants counter that sovereign immunity under the medical-professional exception is not waived since the attack on Sabot constituted a third-party criminal act. *Matter of Goryeb*, 125 Pa. Commonwealth Ct. 271, 557 A.2d 822 (1989).  They maintain, in addition, that liability may only attach in accord with the limited waiver of immunity set forth in the Mental Health Procedures Act.[5]

**2.**  Where the provisions of the Workmen's Compensation Act are applicable, an employee is barred from bringing an action during the course of his or her employment. *Bigley v. United Auto Parts, Inc.,* 496 Pa. 262, 436 A.2d 1172 (1981);  Section 1 of the Act, 77 P.S. § 1.

**3.**  Section 8522(b)(2) of the Judicial Code provides:
(b) Acts which may impose liability.  The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth, and *the defense of sovereign immunity shall not be raised to claims for damages caused by:*

.       .       .       .       .

(2) Medical-professional liability.—*Acts of health care employees or Commonwealth agency medical facilities or institutions* or by a Commonwealth party who is a doctor, nurse or related health care personnel.
42 Pa.C.S.A. § 8522(b)(2).

**4.**  To be able to maintain this action Sabot must set forth a cause of action where damages would be recoverable under common law or a statute creating a cause of action against one not having an immunity defense.  42 Pa. C.S.A. § 8522(a); *Mascaro v. Youth Study Center,* 514 Pa. 351, 523 A.2d 1118 (1987).  By alleging the Department's failure to provide a safe workplace, Sabot has set forth a cause of action which is cognizable at common law. *Mike v. Borough of Aliquippa.*

**5.**  Act of July 9, 1976, P.L. 817, No. 143, *as amended,* 50 P.S. § 7101 et seq.

As to Sabot's action, permitted by the intentional tort exception to the Workmen's Compensation Act, Defendants argue that for that exception to apply, the third party's act must be intended to injure the employee because of reasons personal to the attacker and not connected with the victim's employment. Thus, Sabot's claim must fail because she made no averment of personal animosity by her assailant.

■ This court recently concluded in *Holland v. Norristown State Hospital,* 136 Pa. Commonwealth Ct. 655, 584 A.2d 1056 (1990), that the Supreme Court's reversal of our decision in *Matter of Goryeb* is dispositive in cases in which a Commonwealth party, under the Mental Health Procedures Act, participates in a decision to examine, treat or discharge a patient, and the treatment decision constitutes willful misconduct or gross negligence. *Goryeb v. Department of Public Welfare,* 525 Pa. 70, 575 A.2d 545 (1990).

The Supreme Court in *Goryeb,* in comparing Section 114(a) of the Mental Health Procedures Act,[6] to the sovereign immunity provisions of the Judicial Code, concluded that "the [clear] legislative intent [in the Act] is to provide the Commonwealth with additional protections of 50 P.S. § 7114, i.e. no civil or criminal liability except in a case of willful misconduct or gross negligence."[7] The court held that in order to waive sovereign immunity for acts covered under the Mental Health Procedures Act, willful misconduct or gross negligence must be shown.

6. Section 114(a) of the MHPA provides immunity from liability as follows:

(a) *In the absence of willful misconduct or gross negligence,* a county administrator, a director of a facility, a physician, a peace officer or any other authorized person *who participates in a decision that a person be examined or treated under this act,* or that a person be discharged, or placed under partial hospitalization, outpatient care or leave of absence, or that the *restraint upon such person be otherwise reduced,* or a county administrator or to her authorized person who denies an application for voluntary treatment or for involuntary emergency examination and treatment, *shall not be civilly or criminally liable for such decision or for any of its consequences.* (Emphasis added.)
50 P.S. § 7114(a).

7. *Goryeb,* 525 Pa. at ——, 575 A.2d at 548.

In her amended complaint, Sabot alleges that the Defendants were "grossly negligent in the decision to place [Brown] in a community preparation ward." Plaintiff's Amended Complaint, paragraph 15.

Thus, for Sabot to recover because of the alleged gross negligence, the Defendants' decision to entrust Brown to a community ward, under Sabot's supervision, must constitute a "treatment decision". *Goryeb*, 525 Pa. at ——, 575 A.2d at 549. Treatment, as defined by Sections 104 and 107 of the Mental Health Procedures Act, fully encompasses decisions to "maintain decent, safe and healthful living conditions," 50 P.S. § 7104, and the need to "impose the least restrictive alternative consistent with affording the person adequate treatment for his condition." 50 P.S. § 7107. *See Farago v. Sacred Heart General Hospital*, 522 Pa. 410, 562 A.2d 300 (1989). We conclude that Defendants' decisions on the less restrictive supervision of Brown within a community preparation ward, fall within the statute's definition of treatment.

Because Sabot's claim arises out of the Defendants' alleged gross negligence in making the "treatment decision" to entrust Brown to Sabot, her action falls within the medical-professional exception to sovereign immunity. Thus, she has stated a claim if it can be proven that the Defendants were grossly negligent in placing Brown.

■ However, our inquiry does not end there. The Defendants also argue, in support of their preliminary objections, that Brown might have attacked a different person, regardless of who it was, in Sabot's position, and therefore the attack falls outside the intentional tort exception to the Workmen's Compensation Act. 77 P.S. § 411(1); *Dolan v. Linton's Lunch*, 397 Pa. 114, 152 A.2d 887 (1959); *Workmen's Compensation Appeal Board v. Plum*, 20 Pa. Commonwealth Ct. 35, 340 A.2d 637 (1975); *Brooks v. Marriott Corporation*, 361 Pa. Superior Ct. 350, 522 A.2d 618 (1987); *Mike v. Borough of Aliquippa*.

In *Holland*, we followed the Superior Court's reasoning in *Brooks* when addressing the exception for injuries inflicted by third parties for personal reasons:

This exception to the coverage of the Act applies to situations in which the third-party's acts were motivated by a feeling of animus against the particular person injured. If the third-party would have attacked a different person in the same position as the injured employee, that attack falls outside the exception and is covered exclusively by the Act. (Citations omitted.)

*Holland*, 136 Pa.Commonwealth Ct. at 663, 584 A.2d at 1060 (citing *Brooks* at 356, 522 A.2d at 621). Defendants point out that nowhere in Sabot's complaint is there an averment of personal animus by her attacker. They argue that Sabot was attacked merely because of her position as a Hospital employee. We are constrained to agree.

An examination of her complaint reveals no averment that Brown's relationship to Sabot was in any way unrelated to her position as a Hospital employee. Sabot does not allege her injury was a result of Brown's personal animosity against her specifically.

For the foregoing reasons, we affirm.

### ORDER

NOW, March 20, 1991, the order of the Common Pleas Court of the 37th Judicial District of Pennsylvania, Warren County, at No. 249 of 1989, Civil Division, dated February 20, 1990, is affirmed.

BYER, J., concurs and dissents.

BYER, Judge, concurring and dissenting opinion.

I agree with the majority's decision on the immunity question. However, I respectfully dissent from the majority's decision to affirm based upon exclusivity of the workmen's compensation remedy. I believe that we should not affirm on that point, but remand to the trial court with direction to allow the plaintiff to file a second amended

complaint[1] in order to make the necessary allegations of personal animus, if the plaintiff is able to do so in good faith.

o

---

**1.** The first amended complaint was not addressed to this issue.