655 A.2d 597

**Sharon A. HAMMERSTEIN, Appellant,**

**v.**

**David LINDSAY, M.D. and The Williamsport Hospital.**

Superior Court of Pennsylvania.

Argued Feb. 9, 1994.

Filed March 14, 1995.

David R. Bahl, Williamsport, for Williamsport Hosp., appellee.

Before CAVANAUGH, WIEAND and SAYLOR, JJ.

CAVANAUGH, Judge:

Sharon Hammerstein appeals from an order which granted appellee Williamsport Hospital's ("the Hospital") motion for judgment on the pleadings.[1] We affirm.

---

1. Dr. Lindsay is not an active participant in this appeal, as he did not join the hospital's motion for judgment on the pleadings below.

A review of the factual averments of plaintiff/appellant's complaint reveals the following. In February of 1992, appellant was employed as a unit clerk in the emergency room of the Hospital. While attending to her duties, she was approached by Dr. Lindsay, who requested that she make an "STD" (sexually transmitted disease) notation on a patient's chart. Appellant stated that she would do so, but first proceeded to complete the project on which she was working. Dr. Lindsay, apparently angered at the failure of appellant to immediately comply with his request, picked up the patient's chart and screamed, "I will do it myself." Shortly thereafter, Dr. Lindsay passed by appellant's work station and stated in a loud and harsh tone to appellant, "You are a worthless excuse for a secretary." This comment was heard by both patients and members of the emergency room staff who were in the immediate vicinity. A short time later, Dr. Lindsay stated to a member of the emergency room staff, and in the presence of appellant, that appellant was "uncouth." Appellant confronted Dr. Lindsay about his comments. Dr. Lindsay replied, "I want a new secretary. . . . Why don't you leave, you're worthless." Appellant then reported this incident to members of the Hospital's administration.

Approximately one week after this incident, appellant was again on duty in the emergency room. In response to a page by Dr. Lindsay, another doctor had called appellant's station. Dr. Lindsay, however, failed to take the call. When the other doctor called again, Dr. Lindsay took the call and told the caller, "Sorry Ted, I have a rude, incompetent bitch for a secretary today." Appellant then informed members of the Hospital's administration of this more recent incident. A meeting then took place between Dr. Lindsay and a member of the Hospital administration. Appellant was not allowed to attend this meeting, but was subsequently informed that it had been decided that both Dr. Lindsay and appellant were mutually at fault, and that the matter had been resolved. Nonetheless, Dr. Lindsay continued to make derogatory comments about appellant: he questioned her competence and her

ability to perform her duties in the presence of her co-workers; and he told another physician that she had a "personality disorder." After a period of five months of continuous derogatory comments from Dr. Lindsay, appellant left her job with the Hospital.

On April 23, 1993, appellant filed suit against Dr. Lindsay and the Hospital. With respect to Dr. Lindsay, appellant alleged causes of action for slander/defamation and intentional infliction of emotional distress. As to the Hospital, she alleged that Dr. Lindsay was the agent of the Hospital, and therefore the Hospital was vicariously liable for Dr. Lindsay's slanderous/defamatory comments, and also for the emotional distress he intentionally inflicted. Appellant also alleged that the Hospital was negligent in failing to supervise its employees, in failing to properly investigate the incidents which occurred between Dr. Lindsay and herself, and in failing to take appropriate steps to remedy this situation. The Hospital filed an answer and new matter, in which it alleged that appellant's claims were barred by the exclusivity provision of the Workmen's Compensation Act.[2] After the pleadings were closed, the Hospital moved for judgment on the pleadings. Although there is no indication in the record that this motion was argued, or that appellant filed either a brief or any other type of response thereto, it appears that appellant's position was that her cause of action fell within the personal animus exception[3] to the exclusivity provision of the Workmen's Compensation Act. The trial court granted the Hospital's motion for judgment on the pleadings, specifically stating that the facts averred in appellant's complaint did not fall within the personal animus exception to the Act. Appellant then filed this appeal, raising the following issue for our review:

Does the personal animus exception to the exclusive remedy provision of the Workmen's Compensation Act allow an

2. *See* 77 P.S. § 481(a).
3. *See* 77 P.S. § 411(1).

employee to bring a valid cause of action against her employer where she is injured by a co-worker and the injuries are not work-related? [4]

 When reviewing the grant of judgment on the pleadings, we employ the following standard:

4. The dissent takes issue with "the majority's holding that plaintiff is barred by the exclusivity clause of the Worker's Compensation Act from asserting a cause of action for defamation." (Wieand, J., concurring and dissenting at 1). This is a misstatement of our holding. Although the Hospital's motion for judgment on the pleadings alleged that appellant's claims were barred by the exclusivity clause of the Workmen's Compensation Act, this issue was not the basis for our holding as it has not been preserved for appellate review.

There is no indication in the record that appellant argued before the trial court, that the exclusivity clause did not bar an action for defamation. Furthermore, the trial court, in disposing of the Hospital's motion, did not rule on the exclusivity issue, but rather, specifically concluded that appellant failed to aver facts which would bring her cause of action within the personal animus exception to the Act. In any event, appellant framed the issue on appeal narrowly: whether her cause of action fell within the personal animus exception of the exclusivity provision of the Act. We view this course of conduct as an implicit concession by appellant that the exclusivity clause does bar an action for defamation. In these circumstances, we can only conclude that appellant, even if she contested the exclusivity issue below, has abandoned that issue on appeal.

Finally, the dissent's consideration of the exclusivity issue undermines bedrock principles of appellate review. It is well-settled that this Court may not decide a case on the basis of an issue raised for the first time on appeal. See Com., Dept. of Transp. v. Boros, 533 Pa. 214, 620 A.2d 1139 (1993) (appellate court may not introduce issue which none of the parties have raised); Estep v. Estep, 508 Pa. 623, 500 A.2d 418 (1985) (where Superior Court considers an issue sua sponte, it exceeds its scope of appellate review); Kryeski v. Schott Glass Technologies, 426 Pa.Super. 105, 626 A.2d 595 (1993) (matters raised for the first time on appeal are not properly preserved for appellate review and may not be considered); Harding v. Consolidated Rail Corp., 423 Pa.Super. 208, 620 A.2d 1185 (1993) (only those issues properly raised in the trial court may be reviewed on appeal). Application of this principle should not be viewed as an over-technical enforcement of canons of appellate review, particularly in this case. The dissent's position represents an unprecedented departure from established policy in this Commonwealth, both statutory and judicial, which espouses the strict exclusivity of workers compensation remedies as the sole avenue of relief for claims for tort relief by an employee against (her) employer. As the issue upon which the dissent would decide this case is not properly before this Court, our decision on this interesting issue (whether the Act's exclusivity provision bars an action for defamation) must await

A motion for judgment on the pleadings should be granted only where the pleadings demonstrate that no genuine issue of fact exists, and the moving party is entitled to judgment as a matter of law. Pa.R.C.P. 1034; *Giddings v. Tartler,* 130 Pa.Cmwlth. 175, 177, 567 A.2d 766, 767 (1989). Thus, "[i]n reviewing a trial court's decision to grant judgment on the pleadings, the scope of review of the appellate court is plenary; the reviewing court must determine if the action of the trial court was based on a clear error of law or whether there were facts disclosed by the pleadings which should properly go to the jury." *Vogel v. Berkley,* 354 Pa.Super. 291, 296, 511 A.2d 878, 880 (1986), *quoted in Keystone Automated Equip. v. Reliance,* 369 Pa.Super. 472, 475, 535 A.2d 648, 649 (1988), *alloc. den.,* 519 Pa. 654, 546 A.2d 59. An appellate court must accept as true all well-pleaded facts of the party against whom the motion is made, while considering against him only those facts which he specifically admits. *Jones v. Travelers Inc. Co.,* 356 Pa.Super. 213, 217, 514 A.2d 576, 578 (1986); *West Penn Administration, Inc. v. Pittsburgh National Bank,* 289 Pa.Super. 460, 467, 433 A.2d 896, 900 (1981). Neither party can be deemed to have admitted either conclusions of law or unjustified inferences. *Sinn v. Burd,* 486 Pa. 146, 149, 404 A.2d 672, 674 (1979); *Jones, supra,* 356 Pa.Super. at 217, 514 A.2d at 578. Moreover, in conducting its inquiry, the court should confine itself to the pleadings themselves and any documents or exhibits properly attached to them. *Jones, supra,* at 217, 514 A.2d at 578; *Gallo v. J.C. Penney Casualty Ins. Co.,* 328 Pa.Super. 267, 270, 476 A.2d 1322, 1324 (1984). It may not consider inadmissible evidence in determining a motion for judgment on the pleadings. *6 Pennsylvania Standard Practice 2d* § 31:19 at 172. Only when the moving party's case is clear and free from doubt such that a trial would prove fruitless will an appellate court affirm a motion for judgment on the pleadings. *Jones,*

another day, as we may only decide the narrow issue which appellant has placed before this Court.

*supra,* 356 Pa.Super. at 217, 514 A.2d at 578; *Gallo, supra,* 328 Pa.Super. at 270, 476 A.2d at 1324.

*Kelly v. Nationwide Ins. Co.,* 414 Pa.Super. 6, 9–10, 606 A.2d 470, 471–72 (1992).

In *Kohler v. McCrory Stores,* 532 Pa. 130, 615 A.2d 27 (1992), our supreme court described the personal animus exception and its relation to the Workmen's Compensation Act. The court stated:

> By virtue of the Compensation Act, an employee's common law right to damages for injuries suffered in the course of his employment as a result of his employer's negligence is completely surrendered in exchange for the exclusive statutory right of the employee to compensation for all such injuries, regardless of negligence, and the employer's liability as a tortfeasor under the law of negligence for injuries to his employee is abrogated. [*Socha v. Metz,* 385 Pa. 632, 637, 123 A.2d 837, 839 (1956) ]. This principle of exclusivity is expressly set forth in Section 303 of the Act, which provides: "The liability of an employer under this act shall be exclusive and in place of any and all other liability to such employees ... otherwise entitled to damages in any action at law or otherwise on account of any injury or death as defined in [Section 411]." 77 P.S. § 481. However, the Act provides an important exception to this principle of exclusivity. Specifically, the Act provides that the term, *injury arising in the course of his employment,* "shall not include an injury caused by an act of a third person intended to injure the employee because of reasons personal to him, and not directed against him as an employee or because of his employment...." 77 P.S. § 411(1). We refer to this loosely as the "personal animus exception."

*Id.* 532 Pa. at 136, 615 A.2d at 30 (emphasis in original). *See also Vosburg v. Connolly,* 405 Pa.Super. 121, 591 A.2d 1128 (1991); *Dolan v. Linton's Lunch,* 397 Pa. 114, 152 A.2d 887 (1959). The court went on to note that in order for an employee to set forth a valid cause of action against his employer under the personal animus exception, "an employee

must assert that his injuries are *not* work-related because he was injured by a co-worker for purely personal reasons." *Id.*, 532 Pa. at 137–38, 615 A.2d at 31 (emphasis in original). Where the animosity between the third party and the injured employee is developed because of work-related disputes, the animosity is developed *because of the employment,* and the injured employee's remedy is exclusively under the Workmen's Compensation Act. *Repco Products Corp. v. Workmen's Comp. App. Bd.,* 32 Pa.Cmwlth. 554, 557, 379 A.2d 1089, 1090 (1977). Furthermore, "the lack of pre-existing animosity between the combatants strongly suggests that the motive for the attack was work-related and not because of reasons personal to the assailant." *Mike v. Borough of Aliquippa,* 279 Pa.Super. 382, 391, 421 A.2d 251, 255 (1980).

Here, appellant has failed to plead facts which would indicate that the incidents which occurred between herself and Dr. Lindsay arose out of personal animus. The conflict between them began when appellant did not promptly comply with a request made by Dr. Lindsay. This incident was clearly work related. All of the subsequent incidents either involved comments by Dr. Lindsay which occurred as a result of the first confrontation, or because of a second incident involving appellant's handling of a telephone call from another doctor to Dr. Lindsay. Any animosity between appellant and Dr. Lindsay was clearly rooted in their working relationship. There has been no indication that there were personal reasons for Dr. Lindsay's conduct, or that there was any pre-existing animosity between appellant and Dr. Lindsay. Appellant having failed to plead a cause of action falling within the personal animus exception, the trial court did not err in granting the Hospital's motion for judgment on the pleadings. *Cf. Sabot v. Dept. of Public Welfare,* 138 Pa.Cmwlth. 501, 588 A.2d 597 (1991) (absent averment of personal animus, it appeared aide was attacked merely because of her position as hospital employee and that there was no personal animosity against her specifically); *Brooks v. Marriott Corp.,* 361 Pa.Super. 350, 522 A.2d 618 (1987) (allegations that employee was killed because killer had personal animus against her and that

this animus was the motivation for the murder, were sufficient to state a cause of action within personal animus exception); *Scantlin v. Ulrich,* 318 Pa.Super. 407, 465 A.2d 19 (1983) (where employee did not indicate that employer's action was taken because of personal animosity toward employee, employee did not state cause of action falling within the personal animus exception of the Workmen's Compensation Act).[5]

Order affirmed. Jurisdiction relinquished.

WIEAND, J. files a Concurring and Dissenting Opinion.

WIEAND, Judge, concurring and dissenting:

I concur in the majority's decision to affirm the trial court's entry of judgment on the pleadings in favor of defendant-hospital on the cause of action stated by the plaintiff for intentional infliction of emotional distress. I am unable to agree, however, and therefore dissent from the majority's holding that plaintiff is barred by the exclusivity clause of the Worker's Compensation Act from asserting a cause of action for defamation.

This holding by the majority, which in my best judgment is erroneous, appears to have been caused by the majority's failure to distinguish between the "issue" preserved for appel-

---

**5.** We note briefly that appellant cites *Martin v. Lancaster Battery Co., Inc.,* 530 Pa. 11, 606 A.2d 444 (1992), for the proposition that where an employer aggravates a work-related injury, the employee is not barred from pursuing a common law claim against the employer. Appellant maintains on appeal that the Hospital's failure to adequately investigate and address the situation between herself and Dr. Lindsay, resulted in an aggravation of her injuries, even if they were work-related. Her reliance on *Martin,* however, is misplaced.

*Martin* involved a situation where the employer actively mislead its employee as to the extent of his work-related injuries. The court classified the actions of the employer as flagrant misconduct. It concluded that where the aggravation of an employee's injuries arises from and is related to the fraudulent misrepresentation of the employer, the employee's remedies are not limited to those provided by the Workmen's Compensation Act, and the employee is not precluded from bringing a common law action against his employer. The holding of *Martin* is limited to situations where the employer has engaged in fraudulent misrepresentation. In the present case, appellant has not made such an allegation against the Hospital. Thus, this argument is baseless.

late review and the "argument" made by the appellant with respect thereto. "Although this Court is limited to the issues raised by the appellant here and in the lower court, it is not limited to the appellant's arguments." *Martin v. Poole*, 232 Pa.Super. 263, 267 n. 2, 336 A.2d 363, 366 n. 2 (1975). It is not the function of an appellate court merely to rebut the "arguments" advanced by an appellant. The court's function, rather, is to review and decide the issues which have been preserved for appellate review.

The issue in this appeal, which was raised in the trial court by defendant-appellee's motion for judgment on the pleadings, is whether plaintiff-appellant's cause of action for defamation against her employer is barred by the exclusivity clause contained in Section 303 of the Worker's Compensation Act of June 2, 1915, P.L. 736, § 303, as amended, 77 P.S. § 481(a). The trial court held that the action was barred because "[t]he situations that are set forth in Plaintiff's Complaint comprise purely work-related incidents" and "[t]he personal animus exception ... does not apply in this situation." Trial court order of July 21, 1993. On appeal from this holding, the plaintiff has argued that the personal animus exception was applicable to preserve her right to bring a common law action for defamation. Although I agree with the majority that the personal animus exception has no application to the facts of this case, this does not decide the underlying issue. That issue is whether a work-related cause of action for defamation is barred by the exclusivity clause of the Worker's Compensation Act. We are not excused from deciding this "issue" correctly merely because appellant has advanced an inadequate "argument." Indeed, until it is decided that a defamation action is barred by the exclusivity clause of the Workers' Compensation Act, there is no need to decide whether the personal animus exception can have application.

In February, 1992, according to the averments of the complaint, Sharon Hammerstein was working as a unit clerk in the emergency room of The Williamsport Hospital when Dr. David Lindsay requested that she put an "STD" (sexually transmitted disease) notation on a patient's chart. Hammerstein said

she would do as requested but continued the project on which she was then working. Apparently angered, Lindsay picked up the chart and shouted that he would take care of it himself. Following this outburst, Lindsay allegedly stated to Hammerstein in the presence of patients and others, "You are a worthless excuse for a secretary." Lindsay also told Bonnie Eck, an emergency room staff person, that Hammerstein was "uncouth." When Hammerstein complained to Lindsay about these statements, he allegedly told Hammerstein that she was worthless and should leave. Hammerstein complained to Barb Herriman, the Patient Care Manager, and Bob Kane, the Administrative Director of Ambulatory Services.

Approximately one week later, Hammerstein informed Lindsay that Dr. Ted Larson had responded to Lindsay's page and was on the phone. When Lindsay failed to take the call, Larson called a second time; whereupon, Lindsay said to Larson, "Sorry Ted, I have a rude, incompetent bitch for a secretary today." Hammerstein again complained to Herriman and Kane and requested a meeting. Kane thereafter met with Lindsay and later notified Hammerstein that it had been determined that both parties were at fault and that the matter had been resolved. Nevertheless, it is alleged, Lindsay continued to make derogatory remarks about Hammerstein, openly questioned her competency and stated to another physician that she had a "personality disorder." After approximately five months, Hammerstein left her job as unit clerk.

In April, 1993, Hammerstein commenced a civil action against Dr. Lindsay and The Williamsport Hospital. As to Lindsay, she alleged causes of action for defamation and intentional infliction of emotional distress. As to the hospital, Hammerstein alleged vicarious liability for defamation, and separate liability for the negligent failure to supervise its employees and/or to investigate her complaints about Dr. Lindsay's conduct. The hospital filed an answer in which it alleged, inter alia, that the tort claims against it were barred by the exclusivity clause of the Worker's Compensation Act. Thereafter, the trial court granted a motion for judgment on

the pleadings by the hospital, holding that the plaintiff's actions against the hospital were barred by the exclusivity clause of the Worker's Compensation Act.

In general, the Worker's Compensation Act provides the sole and exclusive remedy for an employee who seeks to recover for injuries sustained in the course of his or her employment. *Wagner v. National Indemnity Co.*, 492 Pa. 154, 161, 422 A.2d 1061, 1065 (1980); *Hershey v. Ninety–Five Associates*, 413 Pa.Super. 158, 160, 604 A.2d 1068, 1069, *allocatur denied*, 532 Pa. 651, 615 A.2d 341 (1992). The exclusivity clause is set forth in Section 303 of the Act, where it is provided in pertinent part as follows:

(a) The liability of an employer under this act shall be exclusive and in place of any and all other liability to such employes, his legal representative, husband or wife, parents, dependents, next of kin or anyone otherwise entitled to damages in any action at law or otherwise on account of any injury or death as defined in section 301(c)(1) and (2) [77 P.S. § 411(1) and (2) ] or occupational disease as defined in section 108 [77 P.S. § 27.1].

Act of June 2, 1915, P.L. 736, § 303(a), as amended, 77 P.S. § 481(a) (footnotes omitted).

In order to determine whether an employee's alleged injury is subject to the exclusive remedies of the Act or whether such injury is remediable in a common law tort action, a court "must examine the scope of the statute and its remedies to determine the intent of the legislature." *Kuney v. PMA Ins. Co.*, 525 Pa. 171, 175, 578 A.2d 1285, 1286 (1990). If a tort action is one for which a remedy cannot be had in worker's compensation proceedings, the exclusivity clause of Section 303 can have no application. *Id.* (injuries not covered by the Act are not subject to tort immunity).

"[T]he key to whether the Worker's Compensation Act precludes a common law right of action lies in the nature of the injury for which [a] plaintiff makes claim, not the nature of [the] defendant's act which [the] plaintiff alleges to have been responsible for that injury." *Gambrell v. Kansas City Chiefs Football Club, Inc.*, 562 S.W.2d 163, 168 (Mo.App.1978).

"When the allegations of a claim have as their ultimate basis an injury compensable under the Worker's Compensation Act, the claim must be considered within the framework of the statute." *Kuney v. PMA Ins. Co., supra,* 525 Pa. at 176, 578 A.2d at 1287. If an injury is not compensable under the Act, however, the employer cannot claim the benefit of the Act's tort immunity. *Id.* at 175, 578 A.2d at 1286. Accord: *Dolan v. Linton's Lunch,* 397 Pa. 114, 152 A.2d 887 (1959) (The legislature intended that the Act would supersede common law actions only as to injuries within the Act's coverage.).

After a review of the Act, cases defining the term "injury" as used therein, and the remedies provided by the Act, I conclude that the term "injury" does not include the harm caused to one's reputation by defamatory remarks.

The Worker's Compensation Act, as originally enacted in 1915, provided benefits only for injury or death resulting from an "accident" in the course of employment. Act of June 2, 1915, P.L. 736, §§ 101 and 301(a), 77 P.S. §§ 1, 431 (1915). An "injury" was defined by the 1915 Act as "violence to the physical structure of the body, and such disease or infection as naturally results therefrom...." Act of June 2, 1915, P.L. § 301(c), 77 P.S. § 411 (1915). In 1972, however, the Act was extensively amended. In Section 101, 77 P.S. § 1, the word "accident" was deleted as a condition for the receipt of benefits.[1] The prior statutory definition of "injury" was deleted, and a broader concept was created. Pursuant to the 1972 amendments, an "injury" encompassed all work-related harm to an employee, regardless of his previous physical condition, including job-related aggravation, reactivation or acceleration of a pre-existing disease. Act of June 2, 1915, P.L. 736, § 301(c)(1), as amended, 77 P.S. § 411(1). By legislative design, occupational diseases were also included in the concept of "injury." Act of June 2, 1915, P.L. 736, § 301(c)(2), as

---

1. A similar change was made in Section 301(a), 77 P.S. § 431. Section 301(a), provides in pertinent part, "Every employer shall be liable for compensation for personal injury to, or for the death of each employe, by an injury in the course of his [or her] employment, and such compensation shall be paid in all cases by the employer...." Act of June 2, 1915, P.L. 736, § 301(a), as amended, 77 P.S. § 431.

amended, 77 P.S. § 411(2). See also: *Pawlosky v. Workmen's Compensation Appeal Board*, 514 Pa. 450, 525 A.2d 1204 (1987) (general discussion of changing concept of an "injury" under the Worker's Compensation Act). Despite the Act's broadened concept of an "injury," the legislature did not provide a specific definition of those injuries covered by the Act in the amendments of 1972.

The Supreme Court, however, has concluded that the word "injury" should be interpreted according to its common and approved usage. *Pawlosky v. Workmen's Compensation Appeal Board, supra* at 459, 525 A.2d at 1209. In *Pawlosky*, the court observed that, " 'in common speech the word 'injury,' as applied to personal injury to a human being, includes whatever lesion or change in any part of the system produces harm or pain, or a lessened facility of the natural use of any bodily activity or capability.' " *Id.* (emphasis omitted), quoting *Creighan v. Firemen's Relief and Pension Fund Board*, 397 Pa. 419, 425, 155 A.2d 844, 847 (1959). More recently, in *Al's Radiator Service v. Workmen's Compensation Appeal Board*, 157 Pa.Commw. 432, 630 A.2d 485 (1993), the Commonwealth Court identified the types of injuries contemplated by the Act by saying: "Under the Act, there are two types of injuries. The first and most obvious is the physical injury, arising in the course of employment, made compensable under Section 301(c)(1) of the Act, 77 P.S. § 411(1). The other type of injury is the 'occupational disease' which, by virtue of Section 301(c)(2) of the Act, 77 P.S. § 411(2), also constitutes a compensable injury." *Id.* at 437, 630 A.2d at 487. Pennsylvania's appellate courts, however, have not limited the scope of the term "injury" to physical impairment of the person only. Mental illness or psychiatric injury is compensable under the Act if it is work-related and other than a subjective reaction to normal working conditions. *Martin v. Ketchum, Inc.*, 523 Pa. 509, 516, 568 A.2d 159, 163 (1990); *Archer v. Workmen's Compensation Appeal Board*, 138 Pa.Commw. 309, 314, 587 A.2d 901, 903 (1991). For purposes of receiving compensation under the Act, therefore, an "injury" has been interpreted to be either disease or physical and/or mental impairment of the person.

An examination of the benefits provided by the Act also supports the conclusion that the concept of "injury" embodies a mental or physical condition affecting the employee's person. When a compensable injury or disability occurs, the employee receives a specific amount of compensation as set forth in the compensation schedules contained in the Act. See generally: Act of June 2, 1915, P.L. 736, § 301(a), as amended, 77 P.S. § 431. The amount of compensation or payment an injured employee receives depends on whether a partial or total disability has been sustained. See generally: Act of June 2, 1915, P.L. 736, §§ 306(a) and 306(b), as amended, 77 P.S. §§ 511 and 512. Disability, as contemplated by the Act, "is 'the loss, total or partial, of earning power' " which results from a work-related injury. *Kachinski v. Workmen's Compensation Appeal Board,* 516 Pa. 240, 248, 532 A.2d 374, 378 (1987), quoting *Woodward v. Pittsburgh Engineering and Construction Co.,* 293 Pa. 338, 340, 143 A. 21, 22–23 (1928). See also: *Harmon Mining Co. v. Workmen's Compensation Appeal Board,* 157 Pa.Commw. 326, 330 n. 5, 629 A.2d 312, 314 n. 5 (1993); *Smith v. Workmen's Compensation Appeal Board,* 63 Pa.Commw. 340, 345, 437 A.2d 1301, 1303 (1981). Two of the factors considered by the statute in determining compensation are the injured employee's earning power and the injury's effect thereon. The Act also provides that an injured employee may receive payment for permanent injuries, such as the loss of a hand or eye. See generally: Act of June 2, 1915, P.L. 736, §§ 306(c, d) and 306.1, as amended, 77 P.S. §§ 513, 516. The Act also requires that the employer provide an injured employee with payment for medical services, medicines and supplies, hospital treatment and accommodations, orthopedic appliances, etc. See generally: Act of June 2, 1915, P.L. 736, § 306(e), as amended, 77 P.S. § 531. It is apparent, therefore, that the remedial provisions of the Act embody the concept that a compensable injury is limited to a type of harm which causes an employee to suffer a loss of earning power and/or some type of medical treatment.

A defamation action seeks damages for the harm caused to one's reputation. "An action for defamation is based on a violation of the fundamental right of an individual to enjoy a

reputation unimpaired by false and defamatory attacks. The gist of such an action is injury to the plaintiff's reputation." *Berg v. Consolidated Freightways, Inc.*, 280 Pa.Super. 495, 500, 421 A.2d 831, 833 (1980). The main purpose of an action for defamation "is to give the innocent and injured plaintiff a public vindication of his [or her] good name." *Graham v. Today's Spirit*, 503 Pa. 52, 57, 468 A.2d 454, 457 (1983), quoting *Gaetano v. Sharon Herald Co.*, 426 Pa. 179, 183, 231 A.2d 753, 755 (1967). The essence of the action, therefore, is not to compensate one for an "injury" as contemplated by the Worker's Compensation Act, i.e., a physical or emotional impairment to one's person which often requires medical treatment. "In fact, an injury to reputation affects a proprietary interest and as such is not a personal injury at all, any concomitant physical or mental injury notwithstanding." *Battista v. Chrysler Corp.*, 454 A.2d 286, 289 (Del.Super.1982).

In the present case, appellant's complaint seeks damages for defamation which allegedly injured her professional and personal reputation. No provision is made in the Worker's Compensation Act for the recovery of damages for harm to one's reputation. Because there is no relation between the injuries sought to be addressed by the Worker's Compensation Act and the harm or damage alleged in appellant's defamation action, I would hold that the Act does not allow benefits therefor. For this reason, appellant's slander action against appellee is not within the exclusivity clause of the Act.

Although the Pennsylvania appellate courts have not heretofore considered this issue, the clear weight of authority in other jurisdictions supports the view that a defamation action is not within the purpose of worker's compensation and can be maintained by an employee in a civil action against the employer. See, e.g.: *Oliver v. Wal–Mart Stores, Inc.*, 209 Ga. App. 703, 434 S.E.2d 500 (1993); *Loges v. Mack Trucks, Inc.*, 308 S.C. 134, 417 S.E.2d 538 (1992); *Snead v. Harbaugh*, 241 Va. 524, 404 S.E.2d 53 (1991); *Battista v. Chrysler Corp.*, supra; *Howland v. Balma*, 143 Cal.App.3d 899, 192 Cal.Rptr. 286 (1983). I would hold, therefore, that the trial court erred when it held that the Worker's Compensation Act barred appellant's claim for defamation.

In concluding, as I do, that the judgment entered in favor of the hospital in the defamation action should be reversed, I do not suggest that appellant was defamed or that she has stated a viable cause of action for defamation against the hospital. Those issues were not decided by the trial court and have not been argued on appeal. With respect to such issues, I express no opinion. I would hold only that an action for defamation is not within the exclusivity clause of the Worker's Compensation Act. Because the trial court held otherwise, I would reverse; inasmuch as the majority's decision appears to hold otherwise, I respectfully dissent.